The State v. King.

---

THE STATE v. KING.

1. **Criminal law :** DUPLICITY OF INFORMATION. An information charging that defendant "did, unlawfully, sell beer to persons unknown," was held in effect to charge one sale to several persons jointly, and, hence, not bad for duplicity under an ordinance making each separate act of selling, an offense.

2. —— VARIANCE. Under this information the evidence established a sale to one person. *Held,* that the variance between the proof and allegation was not fatal.

3. —— SUFFICIENCY OF AVERMENT. The information need not charge as to the quantity of beer sold, the ordinance not making the offense dependent upon the selling of any particular quantity.

4. **Constitutional law :** LOCAL AND SPECIAL LAWS. Section 2 of chapter 154 acts of the twelfth general assembly, authorizing all towns and cities incorporated under special charters to regulate and prohibit the sale of intoxicating liquors not prohibited by State law, is neither a local nor special law, and hence not unconstitutional on that ground.

5. —— CONFLICT WITH STATE LAW. Nor is said statute invalid on the ground that it conflicts with the prior law of the State declaring the sale of wine and beer manufactured in the State to be lawful. The statute in question conferring upon municipal corporations, the power mentioned, is but a more recent and competent expression of the legislative will.

6. —— DELEGATION OF LEGISLATIVE AUTHORITY. Nor on the ground that it is a delegation of legislative authority to cities and towns enabling them to enact law. The State may delegate legislative power to municipal corporations within proper bounds.

7. **Criminal law:** VIOLATION OF CITY ORDINANCES : STYLE OF PROSECUTION. That a prosecution for the violation of a city ordinance was commenced and conducted in the name of the State as plaintiff, instead of the city or town, is not sufficient ground for the reversal of the judgment — especially so, if the objection was not raised in the court below.

8. **Municipal corporation: PROOF OF ORDINANCES.** A city ordinance contained in an ordinance book of the corporation, if not objected to when thus offered, will be considered as *prima facie* evidence of its publication and validity.

*Appeal from Jasper District Court.*

WEDNESDAY, DECEMBER 3.

DEFENDANT was prosecuted before the mayor of Newton for selling beer in violation of an ordinance of that town, and, upon an appeal to the district court, after a ·demurrer ·to the information was overruled and a plea of " not guilty " entered, was convicted and fined in the sum of $50. He now appeals to this court. The facts of the case appear in the opinion.

*Winslow & Wilson* for the appellant.

*M. E. Cutts,* Attorney-General, for the State.

BECK, Ch. J. — The questions raised on this appeal will be considered in the order we find them presented in the arguments of counsel.

I. The information charges that the defendant " did, unlawfully, sell beer to *persons* unknown." Under the ordinance,

1. CRIMINAL LAW. each separate act of unlawful selling is an offense. It is insisted that as defendant is charged with selling to more than one person, there· is alleged more than one sale, and the information is bad for duplicity, setting out several offenses in one count. But the ready reply to this is that such is not the purport of the language of the information under a fair interpretation. It charges one sale to several persons jointly. This is the obvious meaning of the language used.

II. But counsel insist, admitting this interpretation of the information, that as the proof established a sale to one person,

2. —— variance. the defendant ought not to have been convicted thereon, and that the court erred in refusing an instruction, asked in his behalf, to that effect. The instruc-

tion was correctly refused. The variance between the proof and allegation is not a fatal one. Rev., § 4656; *State* v. *Cunningham*, 21 Iowa, 433; 1 Greenl. Ev., § 65.

III. It is next claimed that the information is defective in not charging the quantity of beer sold, and that the demurrer raising this objection should have been sustained. It is argued that an account of the quantity sold is essential as a part of the description of the offense.

3. —— sufficiency of averment.

The ordinance forbidding the sale of beer does not permit the selling of any quantity and does not make the offense dependent upon the unlawful selling of any quantity. It forbids the sale of beer. The sale of a greater or less quantity is equally prohibited. The information alleges the sale of beer, and this necessarily implies the sale of some quantity. Whatever that quantity may have been, its sale was unlawful. As the quantity had nothing to do with the offense there is no reason why it should be alleged in order "to enable a person of common understanding to know what is intended, and the court to pronounce judgment upon a conviction according to the law of the case." Rev., § 4659. In the *State* v. *Clare*, 5 Iowa, 509, it was held that an averment of the price at which liquors were unlawfully sold is not necessary to describe the offense under this section. As neither price nor quantity are ingredients in the offense, further than that *some* quantity must be sold, which is sufficiently averred by the charge of selling, allegations in regard thereto are not demanded by the statute cited. See *Megowan* v. *Commonwealth*, 2 Metc. (Ky.) 3.

The cases from the Indiana Reports cited by defendant's counsel have no application or bearing upon the point, as they were decided under a statute against retailing intoxicating liquors without license. As the quantity sold determined whether the act charged amounted to *retailing*, it was very properly held that an averment in regard thereto was necessary. See *Cool* v. *The State*, 16 Ind. 355. Other cases cited by the same counsel, in our opinion, fail to support their position.

IV. The ordinance under which the prosecution and conviction in this case were had, was adopted in pursuance of authority conferred by chapter 154 of the acts of the twelfth general assembly. Section 2 is in these words : "All incorporated towns and cities, not incorporated under the general incorporation law, shall have the power to regulate or prohibit the sale of intoxicating liquors not prohibited by State law, and such power to regulate shall include the power to assess or impose a tax on such sale. For the purpose of this act, beer and wine shall be considered intoxicating liquors." Like power is conferred upon towns and cities incorporated under the general law of the State, by Revision, 1063 as amended by the foregoing chapter.

*4. CONSTITUTIONAL LAW.*

This statute is claimed by counsel to be in conflict with the constitution, article 3, section 30, page 5, which forbids the general assembly to pass any local or special law for the incorporation of cities and towns.

In the first place the provisions of the law in question are neither special nor local, but apply alike to all the towns and cities of the State, existing under special charters, as the town of Newton, which was incorporated by chapter 122, act sixth general assembly. Nothing more need be said on this point. The statute being general, applicable to all cities and towns of a certain character, it may be admitted that it has the effect of and must be regarded as an amendment of their charters, yet it is not, for this reason, obnoxious to the constitutional provision referred to, which does not forbid the legislature, by general enactment, to alter the charters of all towns or cities. It is true that this cannot be done by special acts applicable to a single city or town or more, and not to all, and this is all that is decided by the cases cited, and relied upon by counsel, namely : *Ex parte Pritz,* 9 Iowa, 30 ; *Davis* v. *Woolnough,* id. 104 ; *Huntington* v. *Bissell,* 10 id. 145; *McGregor* v. *Boyle,* 19 id. 43. The control and power of the State over municipal corporations is not limited by the constitution ; the manner of their exercise is simply restricted and directed in the provision under consideration. The State

is required to exercise its powers by general laws which shall apply to all cities and towns of the class within the State.

V. It is insisted that the ordinance in question is in conflict with the law of the State which declares the sale of wine and beer manufactured from fruits grown in the State, lawful, and that the State law cannot be nullified by the act of a municipal corporation.

5. —— conflict with State laws.

In the first place, if the legislature, under the exercise of its constitutional authority, has bestowed the power in question, and this we have just seen has been done, it is difficult to see how a prior enactment will defeat the more recent expression of legislative will. But there is no difficulty or obscurity in the question. The sale of wine and beer was declared to be lawful by Revision, 1583, which removed the prohibition before resting thereon. In the exercise of its power, the State confers upon the cities and towns the authority to forbid the traffic in these liquors. This is done for the same purposes and upon the same grounds that these municipalities are clothed with power to regulate markets, etc., and forbid many acts of the citizen which are lawful, so far as the statutes of the State are concerned. The authority conferred is of the police power of the city, and rests upon the same foundation.

Counsel, in urging the objection to the exercise of the power in question, on the ground that it is in conflict with the law of the State, omit the consideration of the fact that the power is conferred by the State. Unquestionably the ordinances or by-laws of a municipal corporation, to be of force, must be in accord and not in conflict with the laws of the State. How can they be said to conflict with State laws when they are expressly authorized thereby?

The cases cited by counsel to support their position are those which hold that under the general power of a municipal corporation to pass by-laws, only such reasonable ordinances which are in accord with the statutes of the State may be enforced. *Commonwealth* v. *Essex N. E. R. Co.*, 27 Penn. St. 339; *Southport* v. *Ogden*, 23 Conn. 128; *Dunham* v. *Trustees*

*of Rochester*, 5 Cow. 462; *The City of Canton* v. *Nist*, 9 Ohio St. 439.

Among the many authorities supporting the views we have expressed, the case of *The State* v. *Binder*, 38 Mo. 450, will be found to rest upon a state of facts similar to those of the case before us, and, as we conceive, involved the application of the same principles. A State law forbids the sale of property on Sunday or the keeping of establishments open for such sale on that day. Under authority of a law of the State, the city of St. Louis passed an ordinance permitting establishments for the sale of refreshments, to be kept open on Sunday; and the ordinance was held valid.

VI. Counsel maintain that the law conferring the power to pass the ordinance in question is, under the decisions of this court, unconstitutional, on the ground that it 6. —— delegation of legislative power. is a delegation of legislative authority to the cities and towns, enabling them to make law. And this it certainly is. But cities and towns do have legislative authority, and it is delegated to them by the State, yet the ordinances made in pursuance thereof, if within the authority conferred and not in conflict with the constitution, have always been sustained. It is the doctrine of this court that the general assembly cannot delegate to the people the right to make or repeal a law—that statutes or parts of statutes which are made to depend for their validity upon a popular vote are unconstitutional. But it has never been held that the State cannot delegate legislative power to municipal corporations within proper bounds.

VII. The prosecution was conducted and the conviction had in the name of the State of Iowa. We have held that a 7. CRIMINAL LAW. prosecution for the violation of a city ordinance may be in the name of the city when it is so provided by a by-law or ordinance. *City of Davenport* v. *Bird*, 34 Iowa, 524.

The objection that this prosecution is in the name of the State is technical and does not involve the substantial rights of the defendant.

Whatever may be the style of the action, whatever party, whether town or State, may be the plaintiff, the proceedings on the same and the result of conviction or acquittal are alike. Defendant's punishment, if the town had been named as the plaintiff, would have been no different and would have been enforced in no different manner and by no other officers than under the judgment in its present form. The money collected of defendant in satisfaction of the judgment, if that be of any concern and importance to him, will be paid into the treasury of the town the same as though the town had been a party. Under this state of facts no possible prejudice can have resulted or will result to defendant.

In criminal cases we are required to "examine the record without regard to technical errors or defects which do not affect the substantial rights of the parties, and render such judgment on the record as the law demands." Rev., § 4935. Applying this provision to the case, we are of the opinion that the judgment ought not to be disturbed because of the fact that the case was prosecuted in the name of the State even should it be held that the prosecution ought to have been in the name of the town— a point that we do not determine.

We are brought to the same conclusion on the ground that the objection was first raised in the court.

It has been ruled that one convicted of seduction cannot object, in this court, to the judgment, on the ground that the prosecution was barred by the statute of limitation when no such defense was raised in the court below. *State* v. *Groome*, 10 Iowa, 308.

Neither can the objection for the first time be urged here, that a defendant was tried for more than one offense "at the same time and upon the same information." *State* v. *Mallery*, 11 Iowa, 239.

Evidence improperly admitted, and erroneous instructions given in a criminal prosecution when no prejudice is wrought a defendant, and other rulings of like character do not demand the reversal of judgment of conviction. *State* v. *Knight*, 19 Iowa, 94; *The Same* v. *Thompson*, id. 299; *The Same* v.

*Decklots*, id. 448; *The Same* v. *Carney*, 20 id. 82; *The Same* v. *Neeley*, id. 108; *The Same* v. *Gewisenhaus*, id. 28; *The Same* v. *Felter*, 25 id. 67; *The Same* v. *Frau*, 10 id. 20; *The Same* v. *Coostar*, id. 453.

VIII. There was no evidence given at the trial that the ordinance of the town had been published as therein required. It was not objected to when offered on this ground, and was given in evidence as found in an ordinance book of the town. It was to be considered, *prima facie* at least, valid and in force under these circumstances. Its validity could have been questioned by objections, if they were well founded, raised when it was offered in evidence or by proper proof upon the point given in defense. We cannot doubt the validity of the ordinance at this stage of the case. It is our conclusion that the conviction is supported by the evidence.

We have considered all the points made by appellant, and conclude that the judgment in the district court ought to be affirmed.

Affirmed.