The State v. Pierce.

---

## THE STATE v. PIERCE.

1. **Larceny:** EMBEZZLEMENT : INDICTMENT : DUPLICITY. In cases of
larceny and similar offenses, the taking of several articles may be
charged in one indictment. And so an indictment charging that
defendant, between certain named dates, and at various days
between said dates, being the agent of K., did, by virtue of his
said employment, have, receive and take into his possession two
pianos and seven organs (describing and giving the value of each),
the property of said K., and did then and there embezzle the same,
was not bad for duplicity on the ground that it charged the
embezzlement of distinct chattels, separately described, and
designed to be dealt with separately.

The State v. Pierce.

2. **Criminal Law**: ARRAIGNMENT: WAIVER: TWICE IN JEOPARDY. In a criminal prosecution, after a jury had been empaneled and sworn and the opening statement had been made for the state, defendant suggested that there had been no arraignment nor plea entered. Thereupon the court ordered him to be arraigned, which was done against his objection, and he asked and was given time to plead, and the jury was discharged, to which he excepted. Next day he pleaded not guilty, and that he had been once in jeopardy by reason of the proceedings of the day before. *Held*—

    (1) That the court did not err in ordering the arraignment; because defendant's conduct did not amount to a waiver of arraignment.

    (2) That he was not put in jeopardy by the previous day's proceedings. (Compare *State v. Falconer*, 70 Iowa, 418; *State v. Parker*, 66 Iowa, 586.)

3. **Larceny**: EMBEZZLEMENT: EVIDENCE. Where the evidence showed that defendant, an agent, converted to his own use the property of his principal, and the only question was as to his fraudulent intent; and it appeared that the principal was entitled either to the property or its value in money, for which defendant was required to account; and the evidence tended to show that he had concealed the facts as to the disposition of some of the property, and rendered a false account of his agency in regard to it, and that he failed to comply with the principal's demand for the property,—*held* that a verdict of guilty of embezzlement could not be set aside in this court for want of evidence to support it.

*Appeal from Boone District Court.*—Hon. D. D. Miracle, Judge.

Filed, May 9, 1889.

The defendant was convicted of the crime of larceny committed by the embezzlement of property of the value of $106.50. From the judgment of the court requiring him to be imprisoned in the penitentiary at Ft. Madison at hard labor for the term of one year he appeals.

*A. H. Denman*, for appellant.

*A. J. Baker*, Attorney General, for the State.

Robinson, J.—The portions of the indictment under which defendant was convicted, which we need to

consider, are as follows: "The grand jury of the county of Boone, in the name and by the authority of the state of Iowa, accuse Philo Pierce of the crime of larceny, committed as follows: That said Philo Pierce did, in said county of Boone and state of Iowa, between the twenty-first day of August, A. D. 1886, and the first day of December, 1886, and at various days between said dates, being then and there the agent of the W. W. Kimball Company, an incorporate company, and over the age of sixteen years, then and there, by virtue of his said employment, have, receive and take into his possession certain property, to-wit: [ Here is given a specific description of each of two pianos and seven organs, including the separate value of each, ] all being the property of the said W. W. Kimball Company; and that the said Philo Pierce did then and there unlawfully, feloniously and fraudulently embezzle and convert to his own use, without the consent of the said W. W. Kimball Company, his employer, the aforesaid property, by which the said Philo Pierce is deemed to have committed the crime of larceny. * * *" On the thirteenth day of April, 1887, the cause coming on for trial, the state appeared by attorneys, and the defendant appeared personally and by attorneys. A jury was called, empaneled and sworn, the indictment was read, and the opening statements were made for the state, when counsel for defendant suggested that there had been no arraignment nor plea entered. The court found that such was the case, and ordered the defendant arraigned, which was done against his objection. He asked time to plead, and was given one day for that purpose, and the jury was discharged, to which defendant excepted. On the next day the defendant entered a written plea of not guilty, and also pleaded that he had been once in jeopardy by reason of the proceedings of the day before, which were stated. A demurrer to the second plea was sustained.

I. It is insisted by appellant that the indictment is bad for duplicity, in that it charges the embezzlement

**1. LARCENY: embezzlement: indictment: duplicity.** of distinct chattels, separately described, and designed to be dealt with separately. The instruments in controversy seem to have been treated as part of a stock belonging to the W. W. Kimball Company, in the hands of defendant for sale. A separate account with each instrument was not kept, but all were included in one account. The contract between defendant and the company was one of agency. The instruments were to remain the property of the company until they were sold, and they were to be sold only according to specified terms. In case of time contracts of sale the blank forms of the company were to be used. Cash and contracts taken were to be promptly remitted to the company. All instruments remaining in the hands of defendant longer than thirty days were to be subject to the order of the company. Defendant was required to account to the company for the invoice prices of the goods. Either party had the right to terminate the agency at any time, and the stock was to be subject to the order of the company. It has been held that in cases of larceny and similar offenses the taking of several articles may be charged in a single count. Whart. Crim. Pl., secs. 252, 470. See, also, *State v. Newton*, 42 Vt. 537; *Sprouse v. Com.*, 81 Va. 374, and case cited; *Reg. v. Winnall*, 5 Cox, Crim. Cas. 326; 1 Whart. Crim. Law, secs. 931, 1042. The indictment does not allege different conversions of property, The language used is not as clear and direct as it might have been, but we think the meaning is evident. It charges that the wrongful conversion occurred "then and there," referring to the time fixed in the indictment, to-wit, the time between the twenty-first day of August and the first day of December, 1886. The words, "and at various days between said dates," add nothing to the indictment, and are mere surplusage.

II. It is claimed that the court erred in ordering the arraignment of defendant. His counsel argues that

The State v. Pierce.

2. CRIMINAL law: arraignment: waiver: twice-in jeopardy. it was the privilege of defendant to waive arraignment, and that when he objected to its being done he in effect did waive it; that it was his right to have a speedy trial, and that the trial should have proceeded.   If defendant really desired to waive arraignment, and to proceed to trial to the jury first empaneled, he should have made his desire known.   He not only failed to do that, but asked and was given time to plead.   His special plea was based on the theory that he had been once in jeopardy, and could not be put on trial again for the same offense.   That the theory is not well founded was determined in *State v. Falconer*, 70 Iowa, 418, and *State v. Parker*, 66 Iowa, 586 ; and it seems to have been abandoned by defendant.   We think the claim now made is without merit.

III.   It is insisted that the verdict was not sustained by the evidence.   There was some conflict in the evi-

3. LARCENY: embezzlement: evidence. dence as to some of the instruments, but we are of the opinion that the jury were authorized to find that defendant was the agent of the W. W. Kimball Company ; that he received its property as such agent ; and that he converted its property to his own use, with a fraudulent intent. There is no room for controversy as to any of these facts excepting the one last named.   Defendant denies that any demand for the property in controversy was made upon him, and claims to have sold or otherwise disposed of and accounted for all of it according to the terms of his contract.   But it is scarcely denied, and is clearly proven, that the company is entitled either to property of considerable value, or to its equivalent in money, for which defendant was required to account.   Evidence was given which tended to show that defendant concealed the facts as to the disposition made of some of the property, and that he rendered a false account of his agency in regard to it.   At least two witnesses testify to a demand for the property in controversy, made on the part of the company.   It is not shown that defendant complied with the demand, but it appears

that he failed to do so. It was the province of the jury to weigh and determine the effect of the evidence. We are of the opinion that the evidence sustains the verdict.

IV. Other questions are discussed by counsel, but some of them fall within decisions of this court heretofore rendered, and others are of no general interest. We have examined the record with care, but find no error prejudicial to defendant. The judgment of the district court is AFFIRMED.