STATE

v.

ALBERT EMERY AND RICHARD PEDNEAU.

JANUARY TERM, 1896.

*Criminal law.   Several larcenies on the same expedition. Agreement with prosecuting attorney.*

1.  The theft of several articles at one and the same time and place constitutes but one indivisible crime, although the articles belong to different owners, and a conviction or acquittal for the larceny of one of the articles would bar a prosecution for the theft of the others.

2.  But the theft of several things at different times and places, upon the same expedition, creates distinct larcenies.

3.  If a respondent, who has committed several larcenies in the course of the same enterprise, pleads guilty to one upon an understanding with the state's attorney that there shall be no further prosecution, the trial court may enforce the agreement.

Indictment.   Plea, not guilty.   Trial by jury at the Sep-

tember term, 1895, Franklin county, MUNSON, J., presiding. Verdict, guilty. The respondents except.

The respondents were indicted jointly for the larceny of certain clothing exposed for drying. At the April term, 1895, informations had been filed against the respondents charging them with the larceny of clothing from several different persons, but not the one named in this indictment. The prosecution then knew of the larceny for which the indictment was found. At the aforesaid April term, the respondents pleaded guilty to the informations, and were sentenced to six months in the house of correction. They claimed that the plea in those cases was entered upon the understanding with the state's attorney that no further prosecution should be had. They offered to show :

"First. That on the 13th day of December, 1894, their premises were searched, and various articles of propery were found in their possession, belonging to several persons other than themselves, among whom was the person named in this indictment, and the property therein named; that complaints and warrants were issued against them for all the articles found in their possession ; that the respondents pleaded guilty to each of said complaints, and desired to have all matters disposed of ; that they were bound up for their appearance before the county court, and committed to jail, where they remained until the April term of the Franklin county court, 1895.

"Second. That at said term an arrangement was made with the state's attorney, whereby an information should be by him filed against these respondents, charging them with the crime of which they were charged in the complaints aforesaid, to which information these respondents were to plead guilty, under the promise that such action on their part would fully settle and end all state cases then pending against them, in relation to the property so found in their possession, and relying on said promises, these respondents did plead guilty to said information, and were sentenced by said court to serve six months in the house of correction, at Rutland, which these respondents had served to the full satisfaction of the law, and, further, that the offence charged

in this indictment is one of the offences which these re-
spondents were told should be merged in the information to
which they pleaded guilty, as aforesaid."

Of this offer, the court admitted the portion designated
"First," and excluded that designated "Second," to which
the respondents excepted.

*C. G. Austin* for the respondents.

The larceny of several articles at the same time is but one
offence, and a conviction for the theft of one bars a prose-
cution for the theft of the others.    *Wilson* v. *State*, 45 Tex.
76; *Lorton* v. *State*, 7 Mo. 55; *Wright* v. *State*, 17 Tex.
App. 152; *State* v. *Damon*, 2 Tyler 338; *Jackson* v.
*State*, 14 Ind. 327; *Guenther* v. *People*, 24 N. Y. 100;
Archb. Cr. Pr. & Pl. 243; .Bish. Crim. Law 994; *People*
v. *Goldstein*, 32 Cal. 432; *State* v. *Benham*, 7 Conn. 414;
*Crenshaw* v. *State*, 4 Tenn. 122; *Adams* v. *State*, 16 Tex.
App. 162.

*Isaac N. Chase*, state's attorney, for the state.

If an act constitutes two distinct offences, a conviction of
one will not bar a prosecution for the other.    *State* v. *Ross*,
4 Lea 442; *State* v. *Martin*, 76 Mo. 337; *State* v.
*Stewart*, 3 West C. R. 229; *Howard* v. *State*, 8 Tex.
App. 447; *Potter* v. *State*, 9 Id. 55.

An agreement with a state's attorney, not to prosecute,
cannot be pleaded at bar.    *U. S.* v. *Lea*, 4 McLean .103;
*Com.* v. *Knapp*, 10 Pick. 493.

TYLER, J.    It is an elementary rule in criminal law,
that the theft of several articles at one and the same time
and place, and by one and the same act, constitutes but one
indivisible crime, even though the articles belong to differ-
ent owners, and that a judgment of conviction or acquittal
of the theft of one of the articles is a bar to a prosecution for

the theft of the others.   A  prosecution  and  conviction  or acquittal for any part of  a  single  crime  bars  any  further prosecution based  upon  the  whole  or  a  part of  the same crime.

It is equally well settled that if, on  the  same  expedition, there are several distinct larcenous  takings, as  taking  the goods of one person at one place,  and  afterwards  taking the goods of another  person at another place, and so on, as many crimes are committed as there are several and distinct takings.    None of the cases cited  on the  respondents' brief go beyond this rule.

The case  does not even show that the larceny charged in the indictment was committed on the same expedition as the crime for which the respondents had  previously  been  convicted and sentenced, though the court below seems to have given the respondents full opportunity to show it.

If that court had found that an agreement was made at  a former term between the state's attorney  and  the  respondents' counsel, that if the respondents would  plead  guilty  to one offence of larceny,  they  would  not  be  further  prosecuted, it might have enforced the agreement.    There  is  no question for revision here.

*Judgment that the respondents take nothing by their exceptions; judgment on verdict.*