STATE OF IOWA, Appellant, v. FRED CONGROVE.

Larceny: INDICTMENT: *Variance.* Where several different articles are together, and all of them are stolen in one act and at the same time, but one offense is committed, although the articles belong to different persons severally.

SUFFICIENCY. Larceny is sufficiently identified when the indictment charges that defendant "did take, steal, and carry away articles of mens' clothing," enumerating them, "all of which was of the value of thirty dollars," and the property of certain named persons.

PLEA AND PROOF. Under Code, section 5286, (McClain's Ann. Code 1888, section 5687,) which provides that an erroneous allegation as to the name of an injured party is not material where an offense against a person or property is described with sufficient certainty to identify the act, evidence of several ownership is, if the offense is otherwise sufficiently described to identify the act, admissible under an allegation that the property stolen belonged to four named persons, although distinct portions of the property belonged to each.

OWNERSHIP. Where several different articles belonging to different persons severally are together, and all of them are stolen in one act at the same time, the particular ownership of the several articles should be averred in an indictment therefor.

*Appeal from Louisa District Court.*—HON. W. S. WITHROW, Judge.

TUESDAY, OCTOBER 3, 1899.

THE indictment charges that the defendant "did take, steal, and carry away articles of men's clothing," enumerating them, "all of which was of the value-of $30," and the property of John Buster, Ernest Webster, Howard Sellers, and George Buster. John Buster testified that, of the property, he owned individually a pair of trousers, a pair of drawers, and a pair of socks, and that George Buster so owned a rain coat. This evidence was stricken, on the ground that it did not tend to support the indictment. The state then offered to show that other articles described in the indictment were owned by Sellers and Webster, whereupon the same objection was interposed and sustained, and a verdict of acquittal directed. The state appeals.—*Reversed.*

*Milton Remley,* Attorney General, and *F. M. Molsberry,* County Attorney, for the State.

No appearance for appellee.

LADD, J.—The articles described in the indictment were together in a shed, and the evidence tended to show that the defendant stole all of them at the same time and in the same act. Though these belonged to four different persons, severally, and not jointly, the transaction constituted but a single offense. *Lorton v. State,* 7 Mo. 55 (37 Am. Dec. 179); *State v. Hennessey,* 23 Ohio St. 339 (13 Am. Dec. 253); *Wilson v. State,* 45 Tex. 76 (23 Am. Dec. 602); *State v. Emery,* 68 Vt. 109 (34 Atl. Rep. 432). See *State v. Peirce,* 77 Iowa, 245. In such a case, the particular ownership of the several articles should have been averred. *People v. Johnson,* 81 Mich. 573 (45 N. W. Rep. 1119); 1 McClain's Criminal Law, section 602. But the indictment laid the ownership of the property in four persons jointly, while the proof was that a distinct portion of it belonged to each. That this would have been a fatal vari-

ance at common law is not questioned. *Widner v. State,* 25 Ind. 234; *State v. Ellison,* 58 N. H. 325. The purpose in averring ownership in another is to negative title in the accused, and to advise him of the charge lodged against him. Ownership in some one' other than the defendant, and not any particular person, then, is of the essence of the crime. If the act be fully identified in the indictment in other respects, and this rebuts the possibility of ownership in the accused, the mere mistake as to the name of the owner cannot prejudice the defendant. For this reason, our Code provides that "when an offense involves the commission of or attempt to commit an injury to the person or property, and is described in other respects with sufficient certainty to identify the act, an erroneous allegation as to name of person injured or attempted to be injured is not material." Section 5286. The offense was sufficiently described in other respects to identify the act. The material inquiry was, did the accused steal the property? In what way was he misled or prejudiced by the proof that a portion of it belonged to each individual named in the indictment, rather than all of them jointly? In *State v. Cunningham,* 21 Iowa, 433, the indictment charged that treasury notes were owned by George W. Archer, and the proof showed them to belong to a partnership composed of Archer and his brother. This was held not a fatal variance, under the section quoted. In *State v. Carr,* 43 Iowa, 418, the defendant was convicted on proof that he robbed John Shoppick, erroneously named John Kopek in the indictment. In *State v. King,* 37 Iowa, 462, it was held that proof of the sale of intoxicating liquors to one person was not a fatal variance from an allegation of a sale to several persons jointly. See *State v. Rivers,* 68 Iowa, 615, and *State v. Wrand,* 108 Iowa, 73. The offense was described with sufficient exactness to identify the particular act charged, and there is nothing in the record to warrant the inference that the accused was prejudiced by

the mistake in the allegation of ownership. The evidence ought to have been received, and the cause submitted to the jury.—REVERSED.