### STATE V. KIEFFER.

1.  Comp. Laws. Dak. 1887, § 7301, provides that a plea of former jeopardy may be interposed either with or without a plea of not guilty; section 7319 provides that an issue of fact arises on a plea of not guilty and on a plea of former jeopardy and section 7320 provides that all issues of fact shall be tried to a jury. Held that, where pleas of not guilty and former jeopardy have been interposed in a criminal case, there must be a verdict on both pleas before a judgment can be entered against defendant.

2.  Under a plea of former jeopardy in a prosecution for the theft of one of several animals found killed and dressed in defendant's barn, evidence of defendant's acquittal on a trial for the theft of one of the other animals was admissible, even though the animals belonged to different owners, as the whole transaction would be but one crime if the animals were taken at the same time and in one act, and it was for the jury to determine whether they were thus taken.

(Opinion filed June 3, 1903.)

Error to circuit court, Meade county, Hon. JOSEPH B. MOORE, Judge.

Matthias Kieffer was convicted of grand larceny, and he brings error. Reversed.

*Ivan W. Goodner*, *M. McMahon*, and *Jas. McNenny*, for plaintiff in error.

*Philo Hall*, Atty. Gen., and *J. F. McClung*, State's Atty., for the state.

CORSON, J. Upon an information duly filed, the plaintiff in error was tried and convicted of the crime of grand larceny, and sentenced to the penitentiary for a term of three years. A motion for a new trial was made and denied, and the case comes before us on writ of error to the circuit court of Meade county. The accused, when called upon to plead,

entered the plea of not guilty, and also a plea that he had been formerly tried and acquitted upon the same charge. A general verdict was found by the jury of guilty as charged in the information, but there was no verdict of the jury upon the plea of former jeopardy.

It is contended by the counsel for the accused that a verdict upon the plea of not guilty alone was insufficient, in the absence of any verdict uqon the plea of former jeopardy. It is insisted on the part of the state that there was no evidence upon which the jury could find a verdict upon the plea of former jeopardy, for the reason that all of the evidence upon that subject was excluded by the court. There is, however, an assignment of error that it was error to sustain the state's objection to the introduction of the record of the trial of the case of the state against Kieffer, had on the 26th day of June, 1900, and that the court erred in passing judgment against the defendant in the absence of any verdict upon the plea of former jeopardy. These two assignments of error clearly present the question as to the ruling of the court in excluding the evidence of former acquittal, and the failure of the jury to find a verdict on that issue.

Section 7301, Comp. Laws Dak. 1887, provides: "There are three kinds of pleas to an indictment. A plea of: (1) Guilty, (2) not guilty, (3) a former judgment of conviction or acquittal of the offense charged, which may be pleaded either with or without the plea of not guilty." Section 7319, Comp. Laws Dak. 1887, provides: "An issue of fact arises: (1) Upon a plea of not guilty; or (2) upon a plea of former conviction or acquittal of the same offense." And section 7320, Comp. Laws. Dak. 1887, provides: "Issues of fact must be

tried by a jury." The law has thus distinctly provided a method by which the two pleas may be tried. Our Code upon this subject is substantially the same as that of California, and in that state the Supreme Court holds that, when the plea of former jeopardy is interposed with the plea of not guilty, there must be a verdict upon both pleas before a judgment can be entered. In the case of People v. Kinsey, 51 Cal. 278, the Supreme Court, in speaking of this question, says: "The jury on the second trial found the defendant guilty of manslaughter, but failed to find on the issues raised by the pleas of former acquittal, and were discharged without a verdict on these issues. A judgment having been entered against the defendants on the verdict, convicting them of manslaughter, they have appealed from the judgment and from the order denying their motion for a new trial. If there be a plea of not guilty, and also a plea of a former conviction or acquittal, the defendant is entitled to a verdict on each plea, and until there is such a verdict there can be no judgment of conviction. Judgment and order reversed, and cause remanded for new trial." People v. Helbing, 59 Cal. 567; People v. Fuqua, 61 Cal. 377; People v. O'Leary (Cal) 16 Pac. 884. The court was not authorized to enter judgment, therefore, against the accused, upon the plea of not guilty, until the plea of former jeopardy had been disposed of by the jury. Possibly the court, after excluding all the evidence on the part of the accused tending to sustain his plea of former jeopardy, might have directed the jury to find a verdict upon that plea against the accused. But in any event it should have been disposed of by the court before passing sentence upon the accused.

It is also quite clear that the court erred on the trial in excluding the evidence offered in support of the plea of former jeopardy. It was disclosed by the evidence on the trial of the case before us that three head of cattle were found killed and dressed in the barn of the accused on the night of the 18th of March, 1900. One of these animals appears to have been branded with the 101 brand, and it was for the larceny of this animal that the accused was being tried. The evidence offered on the part of the accused in support of his plea of former jeopardy tended to prove that the accused was tried in June, 1900, for the larceny of one of the same three animals, branded with the mill iron brand. The evidence offered was objected to for the reason that the animal for which he was formerly indicted for taking, and upon which he was acquitted, was an animal having a different brand, and owned by a different party. In our opinion, this was not sufficient to exclude the evidence. It was a question for the jury to determine whether the animal for the larceny of which he was acquitted, and the one for the taking of which he was now on trial, were taken at one and the same time. The fact that they were owned by different parties, and branded with a different brand, was immaterial; and the record offered in evidence tended also to establish the fact that the two animals were found killed in the possession of one Garver, in the defendant's shed. In State v. Congrove, 109 Iowa, 66, 80 N. W. 227, the Supreme Court of Iowa uses the following language: "The articles described in the indictment were together in a shed, and the evidence tended to show that the defendant stole all of them at the same time, and in the same act. Though these belonged to four different persons, severally, and not jointly, the transaction

constituted but a single offense.   Lorton v. State, 7 Mo. 55, 37 Am. Dec. 179; State v. Hennessey, 23 Ohio St. 339, 13 Am. Rep. 253; Wilson v. State, 45 Tex. 76, 23 Am. Rep. 602; State v. Emery, 68 Vt. 109, 34 Atl. 432, 54 Am. St. Rep. 878.   See State v. Pierce, 77 Iowa, 245, 42 N. W. 181." In State v. Emery, supra, the Supreme Court of Vermont, in discussing this question says:   "It is an elementary rule in criminal law that the theft of several articles at one and the same time and place, and by one and the same act, constitutes but one indivisible crime, even though the articles belonged to different owners, and that a judgment of conviction or acquittal of the theft of one of the articles is a bar to a prosecution for the theft of the others.   A prosecution and conviction or acquittal for any part of a single crime bars any further prosecution based upon the whole or a part of the same crime."

The particular ownership of the property which is the subject of larceny is not by the statute made an essential element of the crime.   The gist of the offense consists in feloniously taking the property of another, and the quality of the act is not affected by the fact that the property stolen, instead of being owned by one, or by two or more jointly, is the several property of different persons.   The particular ownership of the property is charged in the indictment, not to give character to the act of taking, but merely by way of description of the particular offense.   In our opinion, it is not material that the property alleged to have been stolen, if in fact taken at the same time, was owned by different persons.   The act of taking in such a case would constitute but one offense, and, if the accused was acquitted of taking one of the animals, all of which were taken at the same time, that acquittal would constitute a

bar to a conviction under the present indictment. It was for the jury to say, therefore, under the instruction of the court, whether or not the animal which the accused was charged with feloniously taking in the present case was taken at the same time with the other animals alleged to have been feloniously taken by him. The court, therefore, was clearly in error in excluding from the jury the evidence the accused sought to have admitted, and in entering judgment upon the verdict of guilty in the absence of any verdict on the plea of former jeopardy. The evidence should therefore have been admitted, and the jury required to pass upon the same under proper instruction from the court.

There are numerous other errors assigned, but, in the view we take of the case, we do not deem it necessary to pass upon them at this time.

The judgment of the circuit court and order denying a new trial are reversed, and a new trial is granted.