Nov. Term,
1833.

Hogg
v.
The State.

HOGG *v.* THE STATE.

An indictment for larceny, charging that the goods stolen were the property of *A.*, is not sustained by proof that they belonged to *A. & B.* as partners, and that they were, at the time of the larceny, in *A.'s* possession.

*Friday,*
*December* 13.

ERROR to the *Clark* Circuit Court.

STEVENS, J.——*Hogg* was indicted for feloniously stealing, taking, and carrying away, two barrels of whiskey, of the value of 19 dollars, of the goods and chattels of one *James C. Caldwell,* and was tried upon the plea of not guilty, found guilty, and sentenced to two years' imprisonment at hard labour in the state's prison, &c.

Upon the trial of the issue before the jury, a question arose upon the evidence, whether the goods and chattels stolen were the individual and sole goods and chattels of the said *Caldwell,* as charged in the indictment, or whether they were owned by said *Caldwell* and one *Fulton* as partners. The defendant's counsel then asked the Court to charge the jury, that if they found that the said *Caldwell & Fulton,* as partners, were the owners of the said goods and chattels, and not the said *Caldwell* alone, as charged in the indictment, they should acquit the defendant; which charge the Court refused to give, but charged the jury that although they might find the ownership of the goods to be in the said *Caldwell & Fulton,* as partners, and not in the said *Caldwell* alone, yet if they found that they were in the possession of the said *Caldwell,* they should find the defendant guilty.

The only question arising upon this record is, whether the Court should have given the instructions asked, and whether the instructions given are erroneous?

There is no principle better settled, than that in all indictments for an injury done to the person or property of an individual, the christian and surname of the party injured must be stated if the party injured be known. In indictments for larceny, if the party injured be not known, the indictment must state the property to be the goods and chattels of some person unknown; or if the indictment be for stealing the shroud of a dead person, it must state it to be the goods and chattels of the executor or administrator. But where

goods are stolen out of the possession of a bailee, they may be described in the indictment as the property of the bailor or bailee, as, for instance, cattle in the possession of an agister, goods entrusted to a person for safe keeping or to carry, cloth in the hands of a tailor to make into clothes, goods pawned, goods let with ready furnished lodgings, and the like; in all such cases, the goods and chattels may be laid to be the goods and chattels of either the true owner or the possessor; because the possession is distinct from the true ownership, and the person who thus has possession, has a special property in the goods and chattels possessed, and may maintain an action for a trespass committed on them, in his own name. But if the goods and chattels are in the possession of a servant, or a married woman, they must be stated in the indictment to be the goods and chattels of the master, or the husband, the possession of the servant being the possession of the.master, and the possession of the wife being the possession of the husband: neither the servant in the one case, nor the wife in the other, has any special property in the goods; and no action can be maintained in the name of either of them for a trespass committed on the goods.

And in the case of indictments for the stealing of goods and chattels from partners or joint owners, all the partners or joint owners must be correctly named if known; if they are not known, or part only of them known, the indictment must allege them to be the goods and chattels of some persons unknown. The right of property in the goods' and chattels, vests in the whole of the partners, and not in one or more of them; and hence they must be all named. The possession of the goods and chattels by one of the partners, does not authorise the goods to be charged as the goods of the individual partner who thus possesses them; because he does not stand upon the footing of a bailee. He cannot maintain an action in his own name for a trespass committed upon, or an injury done to, the goods and chattels, as a bailee can. His possession is the possession of the whole of the partners, and the doctrine of special property cannot arise. The authorities to sustain this view of the law on the subject under consideration, are numerous and satisfactory, and we think no doubt exists. As to the argument of inconvenience, we have nothing to do with it: we do not make law: our business is to declare what the law is. 2 Hawk. ch. 25. —2 Hale, 181.—1 Hale, 513.—1 Leach, 356, 463, 464, n., 536.—

Nov. Term, 1833.

2 Leach, 875.—2 East, 652, 653, 654.—*Rex* v. *Remnant,* Russ. & Ry. 136.—*Rex* v. *Scott,* Russ. & Ry. 13.—*Rex* v. *Belstead,* Russ. & Ry. 411.—*Rex* v. *Brunswick,* Ry. & Moody, 26.—*Rex* v. *Wilkinson,* Russ. & Ry. 480. Indictments for stealing the goods and chattels of partners and joint owners, are now regulated in *England* by the statute, 7 *Geo.* 4. c. 64, s. 14, but that statute is not in force here, and we have no statute on the subject (1).

We think that the Circuit Court should have given the instructions asked, and that the instructions given are erroneous.

BLACKFORD, J., being indisposed, was absent.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*J. H. Thompson,* for the plaintiff.

*W. Herod,* for the state.

(1) "Formerly, where goods stolen were the property of partners, or joint owners, all the partners or joint owners must have been correctly named in the indictment, otherwise the defendant would have been acquitted. But to avoid this difficulty the stat. 7 *Geo.* 4. c. 64, s. 14, provides, that in any indictment or information for any felony or misdemeanor, wherein it shall be requisite to state the ownership of any property whatsoever, whether real or personal, which shall belong to or be in the possession of more than one person, whether such persons be partners in trade, joint tenants, parceners, or tenants in common, it shall be sufficient to name one of such persons, and to state such property to belong to the person so named and another or others, as the case may be." Arch. Cr. Pl. 13. As to whose property the goods stolen should be alleged in the indictment to be, in a great variety of cases, see Arch. Cr. Pl. 11–15, 128, 129.—Roscoe's Ev. Cr. Cas. 512–520.

