WIDNER *v.* THE STATE.

INDICTMENT—LARCENY.—In an indictment for larceny at common law, the ownership of the stolen property, if known, must be correctly averred, and the proof on the trial must correspond with the averment.

SAME.—Under sec. 57 of the criminal practice act, (2 G. & H., 402,) it is sufficient if one only of several joint owners is named in the indictment, but where the stolen property is alleged to belong to two persons, proof that it is the separate property of one of them will not support the indictment.

APPEAL from the *Wayne* Circuit Court.

ELLIOTT, J.— *Widner* was indicted, tried and convicted of grand larceny, in feloniously stealing two horses and a set of harness, alleged in the indictment to be the personal property of *Robert Newcom* and *Franklin Newcom.*

On the trial, the court instructed the jury as follows: " The property is charged to be the joint property of *Franklin Newcom* and *Robert Newcom.* This is a material allegation, and must be proven. Proof that the property was the joint property of the alleged owners, *or that it was the property of either one of them, would be sufficient proof of ownership.*" It is insisted that the latter clause of the instruction, which we have italicised, is erroneous.

At common law the rule undoubtedly is, that the ownership of the property stolen must be correctly averred in the indictment, if known, and if not known it should be averred to be the property of some person or persons to the grand jurors unknown. And when the ownership is averred, the proof must correspond with the averment. *Hogg* v. *The State,* 3 Blackf. 326, In that case, *Hogg* was indicted for stealing two barrels of whisky, alleged in the indictment to be the goods and chattels of one *James C. Caldwell.* On the trial a question arose as to the ownership of the whisky, and the court instructed the jury "that although they might find the ownership of the goods to be in *Caldwell* and *Fulton,* as partners, yet if they found that

they were in the possession of said *Caldwell*, they should find the defendant guilty." But this court held the instruction erroneous and reversed the case.

And so where the indictment charged the money and other chattels stolen to be the joint property of three persons, and it turned out in evidence on the trial that the money stolen belonged to one of the persons named, some of the other articles to another, and some to the third, it was held that the proof did not sustain the indictment. 4 McCord's R., 16; 2 Rus. on Crimes, 169.

Every larceny includes a trespass, and it is necessary that the person or persons against whom it is committed should be correctly stated, if known. Even in a civil action for a trespass to personal property, a misjoinder of parties plaintiff would, by the rule at common law, be fatal on the trial under the general issue, 1 Chitty's Pl., 56.

Has the rule, as applicable to the case at bar, been changed by statute?

The 57th section of the act regulating criminal practice, &c., 2 G. & H., 402, reads thus: "In an indictment for an offense committed in relation to property, it is sufficient to state the name of any one, or names of several or joint owners." The section as printed is confused, and its meaning thereby rendered obscure. But, as we understand it, its true meaning would be properly expressed if it read thus: In an indictment for an offense committed in relation to property, it is sufficient to state the name or names of any one, or more, of the several joint owners.

In any event, it can only be so read as to apply to a nonjoinder of all the owners. Or, in other words, if the property which is the subject of the offense belonged to several persons jointly, the statute makes it sufficient to allege in the indictment that it is the property of any one of such joint owners, and would apply to a case like that of *Hogg* v. *The State, supra*. But here the objection is that the indictment alleges the property to be owned by two persons jointly, and the court instructed the jury that if

they found from the evidence that it was the individual property of one of the persons named, it would be sufficient to sustain the indictment. It involves a case of misjoinder, or an allegation that one who, in fact, has no interest in the property, is a joint owner thereof; and not a case of non-joinder, or the failure to state the names of all the joint owners, contemplated by the statute. We think the case does not come within the statute, and the instruction of the court below was therefore erroneous.

Another question, as to the sufficiency of the caption, or record preceding the introduction of the indictment, is also presented, but as the case must be reversed for the error stated above, an examination of it is rendered unnecessary.

The judgment is reversed, and the clerk of this court is directed to issue the proper order for remanding the prisoner to the jailor of *Wayne* county for a new trial.

*J. E. McDonald, A. L. Roache* and *D. Sheeks*, for appellant.

*D. E. Williamson*, Attorney General, for the State.