The State of Iowa v. Cuningham.

---

THE STATE OF IOWA V. CUNINGHAM.

1. **Indictment:** ALLEGATION AND PROOF OF INJURY TO THE PERSON. An indictment charged the defendant with feloniously stealing *from the person* of one A. certain United States Treasury notes, &c., *the same being the property of the said A.* Plea, not guilty. The evidence established the larceny and sufficiently identified the act, but showed that the money was the property of A. and his brother as copartners: *Held,* That, under section 4656, Revision of 1860, the variance was not material.

*Appeal from Scott District Court.*

THURSDAY, DECEMBER 13.

THE indictment charges the defendant with feloniously stealing *from the person* of George W. Archer, certain United States treasury notes, of the value and denomination, &c., on the 21st of October, 1866, at, &c., *the same being the property of the said Archer.* Plea, not guilty. On the trial there was testimony quite conclusively establishing the larceny, but it also appeared that the money belonged to said George W. and his brother

Thomas J., as partners. Upon these facts the court charged that if the money was the property of the two Archers as partners, the indictment would not be supported and the defendant should be acquitted. Verdict of not guilty, and the State appeals, alleging error in the giving of said instruction.

*F. E. Bissell*, Attorney-General, for the State.

No appearance for the defendant.

WRIGHT, J.—The object of this appeal is, not to reverse the judgment below, but to obtain an exposition of the law, as a guide in the disposition of subsequent cases presenting the same question.

1. INDICT-MENT: allegation and proof of injury to the person.

At the common law it is well settled that an indictment for larceny charging the property to belong to A, would not be sustained by proof that it belonged to A and B, as partners. The rule is different in the case of a bailee; for inasmuch as there is a property in the article stolen in both, special in the bailee and general in the bailor, the property may be described as belonging to either. The possession of one partner is, however, the possession of both. He is not a bailee, and all the partners, there-fore, if known, must be named, and a variance would be fatal. Upon this subject see *Hogg* v. *The State* (3 Black., 326), and the authorities there cited; as also a reference to the statute of 7 Geo. IV, chapter 64, modifying the rule of the common law.

This being the common law rule, we next inquire what change, if any, has been made by the provisions of our criminal statute. This declares that "When an offense involves the commission, or an attempt to commit an injury to person or property, and is described in other respects with sufficient certainty to identify the act, an

erroneous allegation as to the name of the person injured or attempted to be injured, is not material. Revision, § 4656.

Was this an offense involving an injury to property within the meaning of this section? Of this we entertain but little doubt. As the taking of life would involve an injury to the *person*, even more completely than an assault with intent to kill or maim, so does a felonious taking, entirely depriving a party of his *property*, involve an injury to it, to as full an extent as to burn or destroy it, in whole or in part.

Then, was this an *erroneous allegation as to the name of the person injured*, within the meaning of the law? The question is a close one; but upon the facts of the case, in view of all the allegations of the indictment and the spirit and meaning of the law, we are inclined to hold that the variance was not material.

The common law rule referred to is technical purely, and is supported by authority rather than reason. Our statute, throughout all its provisions, makes it the duty of courts to disregard all defects which do not prejudice the substantial rights of a defendant upon the merits. The section quoted is in entire harmony with this duty, and was intended to assist in its discharge. By this it is required that the offense shall be described with sufficient certainty *to identify the act*. This was done. The time, place, amount and description of property stolen, and the name of the person from whom it was taken—all these facts were stated with such particularity as to leave no uncertainty as to the act. Then the offense charged is for stealing *from the person* (§ 4240) and not for the felonious taking of the property of another generally. The name of the person from whom it was taken was correctly described. The error was in alleging that it belonged to this person, when it belonged to him and another, as

partners. The offense was the same, the very one charged and established by the evidence. It was the same money, the same time, the same place ; there was no other taking; it was taken from the person of George W. Archer as charged, and not from another; it did belong in part to him, but the allegation was erroneous in charging that it was his individual property. We are not called upon to decide whether the statute covers a case where the indictment charged that the property of A was stolen, and the proof showed it to be the property of B, another and distinct person, having no connection nor pretense of connection or relation with A; where there was a clear and indisputable misstatement as to the true owner. That case differs from this, as it would from one where the real owner was intended, was before the court, but there was a mistake in giving his name in whole or in part. For here all the requisite facts are stated. The crime is clearly identified. It is so fully described, and so remains for all time upon the record, that there need not be, and cannot be, any difficulty in pleading the judgment in bar of another prosecution. We cannot see how any substantial right of the defendant could be prejudiced. And while we would guard with jealous care every right of a party thus charged, we believe the spirit of the law is best maintained by looking more to its substance, its object and purpose, than to defeat its operation by adhering with too great tenacity to old forms and technicalities ; forms and technicalities which, though ever so just and necessary in particular cases, operate not unfrequently to impair the force and vigor of the law, rather than promote certainty and efficiency in its administration.

Our opinion is, that the instruction should have been refused. And having thus given an exposition of the law, as required by the statute, any further action or order becomes unnecessary.