## KING v. THE STATE.

CRIMINAL LAW.—*Larceny.*—*Indictment, Form of.*—An indictment for larceny charged that the defendant, on etc., at etc., did "unlawfully and feloniously steal, take, and carry away, of the personal goods and chattels of one" A. "then and there being of the value of four dollars, one pair of boots, contrary to the form of the statute," etc.

*Held*, that while the indictment was somewhat transposed and out of the usual form, it substantially and sufficiently charged a larceny of the personal goods of the party named.

SAME.—*Evidence.*—Where the evidence fails to show that the goods alleged to have been stolen were the property of the person named in the indictment as the owner, the defendant should be acquitted.

From the Howard Circuit Court.

*J. W. Robinson*, for appellant.

*J. C. Denny*, Attorney General, and *J. F. Elliott*, Prosecuting Attorney, for the State.

DOWNEY, C. J.—This was an indictment against the appellant, in which it is charged that he did, on the 27th day of October, 1873, at, etc., "unlawfully and feloniously steal, take, and carry away, of the personal goods and chattels of one Elsberry E. Springer, then and there being of the value of four dollars, one pair of boots, contrary to the form of the statute," etc.

A motion to quash the indictment was made by the defendant and overruled. He excepted, and then pleaded not

guilty.   On a trial by jury he was found guilty, and his punishment fixed at ten dollars fine and imprisonment in the state prison for one year, etc.   He moved for a new trial, and also in arrest of judgment, which motions were overruled, and he excepted.   The evidence is in the record by a bill of exceptions.   The errors assigned are the overruling of the motion to quash the indictment, refusing to grant a new trial, and denying the motion in arrest of judgment.

The first and second errors may be considered together. The objections made to the indictment are, that it does not charge the defendant with having committed any offence against the criminal laws of the State, and does not charge him with stealing any kind or description of property of Elsberry E. Springer.   It is contended that the indictment does not charge the defendant with stealing any personal property of the person named.   We are unable to see any substantial foundation for the objections made to the indictment.   While the language of the indictment is somewhat transposed and out of the usual form, we think it substantially and sufficiently charges a larceny of the personal goods of the party named.

Among the reasons assigned why a new trial should have been granted, it was alleged that the evidence was not sufficient to sustain the verdict of the jury.   We think that, on this ground, the judgment must be reversed.   There is no evidence that the property alleged to have been stolen was the property of Elsberry E. Springer.   In the absence of such evidence, the conviction cannot be sustained.   Bicknell Crim. Pr. 328 ; 2 Bishop Crim. Law, sec. 707.

The judgment is reversed, and the cause remanded, with instructions to grant a new trial ; and the clerk will notify the warden of the state prison to return the appellant to the jail of Howard county.