Bell *v.* The State.

---

## BELL *v.* THE STATE.

CRIMINAL LAW.—*Circuit Court.—Affidavit and Information.*—The circuit court cannot try a charge of felony upon an affidavit and information filed in that court.

SAME.—*Larceny.—Evidence.*—On the trial of a prosecution for larceny, the evidence must show that the thing alleged to have been stolen was the property of the person alleged.

From the Hamilton Circuit Court.

*T. J. Kane* and *A. F. Shirts,* for appellant.

*J. C. Denny,* Attorney General, and *J. Stafford,* Prosecuting Attorney, for the State.

DOWNEY, J.—The appellant, on affidavit and information filed against him in the circuit court, was charged with, and convicted of, grand larceny. His motion to quash the affidavit and information and also a motion for a new trial were overruled.

The judgment must be reversed on two grounds:

1. The defendant could not be tried on an affidavit and

information filed in the circuit court. *The State* v. *Justice,* *ante,* p. 210.

2. The evidence, as set out in the bill of exceptions, does not prove that the property alleged to have been stolen was the property of the person named in the information. *Jackson* v. *The State,* 19 Ind. 312; *Baker* v. *The State,* 34 Ind. 104; *Mullinix* v. *The State,* 43 Ind. 511; *King* v. *The State,* 44 Ind. 285.

The judgment is reversed, and the cause remanded, with instructions to quash the affidavit and information. The clerk will certify to the warden of the state prison.