COMMONWEALTH *vs.* CHARLES CARROLL.

Suffolk. November 26. ― 28, 1877. COLT & LORD, JJ., absent.

On an indictment for the larceny of certain wool alleged to belong to A., there was evidence that A. had certain wool stored in a building, of which a portion, exceeding in quantity that set forth in the indictment, was missing; that the defendant admitted that he took the wool, described in the indictment, from a hall adjoining the rooms in which A.'s wool was stored, but said that he bought it of the occupant of the hall, which the latter denied; that the defendant attempted to procure a witness to testify falsely that the occupant of the hall hired him to remove the wool; that the defendant hired a man and wagon to take the wool, but remained away while it was being loaded, and joined the wagon soon after it had started with its load; that the hall was not in constant use, and there was opportunity to remove the wool from the storeroom and repack it in smaller bags, as when taken. It did not appear that there was any wool other than A.'s stored in the building at the time of the alleged larceny; and there was no evidence that other

wool, stolen at about the same time from a wharf in the neighborhood, had been placed in the hall or building. *Held,* that the evidence would warrant a finding that the wool in question was the property of A.

INDICTMENT for the larceny, on August 1, 1875, of 623 pounds of wool, the property of John G. Wright, in a storehouse, the property of John Worster.

At the trial in the Superior Court, before *Dewey,* J., Wright, the alleged owner of the wool, testified that in August, 1875, he had stored in the storerooms of John Worster a large quantity of wool; that about two months before the trial (which was at April term 1877) he discovered that about 4000 pounds of this wool were missing; that the wool was contained in bags or bales of 200 pounds' weight each; and that he had no wool stored in the hall of Edward Malone, nor knowledge of any wool being in that hall.

It was also in evidence that the building, in which Wright's wool was stored, was occupied on the first story by Edward Malone as a saloon; that the second story contained the hall of Malone above referred to, and the storerooms of Worster; that there were other tenants in the third and fourth stories of the building; that the second story, along which ran a passageway, was reached by a flight of stairs leading from the street; that on one side of the passageway was one storeroom of Worster, and on the other side the hall of Malone, and another storeroom of Worster in the rear of the hall; that the wool described in the indictment was in Malone's hall, when taken from the building, but there was no evidence as to how it came there nor from whence it came; that it was in small bags of about fifty pounds' weight each; and that other wool had been stolen from a neighboring wharf about the time this wool was alleged to have been stolen. There was no other evidence as to the ownership of the wool described in the indictment. There was also evidence that the passageway that led both to the door of the storeroom where the wool was stored, and to the door of the hall, was open and used by the occupants of the third and fourth stories; that the defendant, while admitting that he removed the wool from the hall and sold it, said he purchased it from Malone, but Malone denied this; that the defendant attempted to procure a witness to testify falsely to Malone's having hired him to help remove

the wool from the hall and load it on a wagon ; that he hired a man and wagon to take the wool, but remained away while the wool was being loaded, and joined the wagon soon after it had started with its load; and that the hall was only in occasional use.

The government contended that the wool was taken from the storeroom into the hall and repacked, preparatory to its removal from the building, but offered no evidence on that point. The defendant requested the judge to instruct the jury that this evidence was insufficient in law to warrant them in finding that the wool described in the indictment was the property of Wright; but the judge declined so to rule, and instructed the jury that it was for them to say, on this evidence, whether or not the wool so described was the property of Wright. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. W. Doherty*, for the defendant.

*W. C. Loring*, Assistant Attorney General, ( *C. R. Train*, Attorney General, with him,) for the Commonwealth.

ENDICOTT, J.   There was evidence from which the jury might properly find that the wool in question was the property of Wright. He had a large amount stored in the building, and a portion, exceeding in quantity that set forth in the indictment, was missing. It does not appear that there was any other wool stored in the building at the time of the alleged larceny. The prisoner admitted that he took the wool described in the indictment from a hall adjoining the rooms in which Wright's wool was stored, and said that he bought it of Malone, the occupant of the hall. This Malone denied ; and there was evidence that the prisoner attempted to procure a witness to testify falsely that Malone hired him to remove the wool. The conduct of the prisoner at the time the wool was taken away was also in evidence. The hall was not in constant use, and there was opportunity for the prisoner to remove the wool from the storeroom and repack it in smaller bags ; and there was no evidence tending to show that other wool, stolen about the same time from a wharf in the neighborhood, had been placed in the hall or building. The case was properly submitted to the jury.

*Exceptions overruled.*