*Affirmed.*

---

ED. A. LABBAITE *v.* THE STATE.

FORGERY—INDICTMENT. — An indictment for forgery, alleging the execution of an instrument which purported to be the act of a firm, or partnership, should allege the partnership, and should state the name of each member of it, if known.

APPEAL from the District Court of Lampasas. Tried below before the Hon. W. A. BLACKBURN.

The opinion states the case.

*C. C. McGinnis*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, J. The instrument which is alleged to be forged is set forth *in hæc verba* in the indictment, and is signed

" White & Gibson." The allegation in the indictment is, that it purports to be the act of White & Gibson, but neither sets out the given names of these parties, or either of them, nor alleges that their names are unknown, nor yet that they are a partnership, or firm, doing business under the firm and style of White & Gibson. Our statute, it is true, provides, with regard to forgery, "that the instrument must purport to be the act of another; and within the meaning of this word, as defining forgery, are included * * * all partnerships in professions or trades," etc. Pasc. Dig., art. 2101.

But simply to allege the surnames of two persons, — White & Gibson, — without alleging that they are partners, or that it is a partnership firm, is not sufficient. We see no reason why the same rule which obtains in larceny should not be held applicable to cases of this character. " It is a settled rule of pleading in criminal cases that, if stolen property belongs to a partnership, the names of all the partners, if known, must be stated in the indictment, as owners; and if not all known, then it must be stated to be the property of one, naming him, and of others unknown." Whart. Cr. Law, sect. 1833; *Hogg* v. *The State*, 3 Blackf. 326; *The Commonwealth* v. *Trimmer*, 1 Mass. 476. Whether the same strictness is or should be required in forgery, or not, it is clear that a partnership should be alleged when the instrument purports to be the act of partners.

Because the indictment is defective and insufficient, the judgment of the court below is reversed and the case is dismissed.

*Reversed and dismissed.*