## STATE vs. JOHN HOWARD LYONS.

1. EMBEZZLEMENT—ELEMENTS OF OFFENSE.

Embezzlement contemplates the appropriation by one of the property of another with the intent wrongfully to convert it to his own use, and such appropriation of the goods of another and their unlawful conversion may be of goods or personal property which were lawfully received in the first instance.

2. EMBEZZLEMENT—BAILEE—"BAILMENT."

Under 19 Del. Laws, c. 782, which provides that any bailee of money or other property, the subject of larceny, who shall embezzle or fraudulently convert the same to his own use, shall be guilty of a misdemeanor, a "bailment" consists in the delivery of some personal property, the subject of larceny, by one person to another, to be by him held and used according to the purpose for which it is delivered, upon an understanding, express or implied, that, after fulfilment of such purpose, it shall be returned to the bailor; and in a prosecution for the offense the state must prove that the defendant was

in fact the bailee of the property which he is charged to have embezzled, and where a landlord, owning a cow, delivered it to his tenant to be kept on the farm, the tenant became a bailee as to the cow, and if the cow while on the farm gave birth to a calf, he became bailee as to the calf.

**3. EMBEZZLEMENT—CONVERSION OR APPROPRIATION—BY BAILEE.**

In a prosecution under 19 *Del. Laws, c.* 782, for embezzlement by a bailee, the state must prove the bailee's unlawful conversion or appropriation of the subject of the bailment to his own use.

**4. EMBEZZLEMENT—CONVERSION—EVIDENCE.**

Any use which defendant may have made of a cow or a calf in his possession as bailee, inconsistent with the rights of the owner and with the nature and purpose of the bailment, is evidence of a conversion.

**5. EMBEZZLEMENT—INTENT TO DEFRAUD.**

Under 19 *Del. Laws, c.* 782, declaring embezzlement by a bailee to be a misdemeanor, the state, in a prosecution for the offense, must prove the bailee's intent to defraud the owner of his property.

**6. EMBEZZLEMENT—INTENT—EVIDENCE.**

Intent of a bailee to defraud the owner of his property may be shown either by direct evidence or by evidence of facts and circumstances from which it may be reasonably inferred.

**7. EMBEZZLEMENT—POSSESSION—OWNERSHIP.**

Where a landlord purchased a cow for his tenant upon the understanding that the cow thereafter was to belong to the tenant, who received it and treated it as his own property, for which he was to reimburse the landlord when he made sufficient money out of the farm, the cow and its offspring born on the farm, though not paid for, became the property of the tenant, and his possession of them was that of owner, and not as bailee.

**8    CRIMINAL LAW—EVIDENCE—PRESUMPTION OF INNOCENCE.**

Every person is presumed to be innocent of crime until proven guilty.

**9.    CRIMINAL LAW—WEIGHT OF EVIDENCE—DEGREE OF PROOF.**

It devolves on the state to prove the guilt of the defendant beyond a reasonable doubt.

**10.    CRIMINAL LAW— WEIGHT OF EVIDENCE—"REASONABLE DOUBT".**

"Reasonable doubt" is not a mere possible doubt, but is a real and substantial doubt, founded in reason, and such as intelligent and impartial men would reasonably entertain upon a careful consideration of all the evidence in a case.

**11.    CRIMINAL LAW—WEIGHT OF EVIDENCE—IN GENERAL.**

If the jury, after consideration of all the evidence in a criminal case, reconciling it where it is conflicting, by giving credit to that which is most worthy of credit and rejecting that which is least worthy of belief, and having regard to the interest and fairness of the witnesses, entertains a reasonable doubt of the guilt of the prisoner, they should return a verdict of not guilty.

*(April 5, 1911.)*

Judges BOYCE and WOOLLEY sitting.

*Frank M. Jones*, Deputy Attorney General, and *James M. Tunnell* for the State.

*John M. Richardson* for the defendant.

Court of General Sessions, Sussex County, April Term, 1911.

INDICTMENT FOR EMBEZZLEMENT AS BAILEE (No. 5, April Term, 1911).

The facts were substantially as follows:

According to the evidence of the state, William H. Murphy, the landlord of the defendant, as a result of a conversation with the defendant in which he made a suggestion to the latter that there was not enough stock on his farm to make sufficient manure for the enrichment of the farm,—agreed to buy and place upon the farm two cows. The cows were accordingly purchased and the defendant was notified to go for the same, but when he saw the cows he would receive but one of them, claiming that the other was too old. The one that he took to the farm was with calf. The prosecuting witness paid for that cow thirty dollars. Later the cow gave birth to a calf, which the defendant sold for eighteen dollars and five cents, retaining the money. At a settlement with his said landlord thereafter, Lyons offered to pay for the cow. Murphy told him he could not pay for it, that he (Murphy) had not sold it to him, and called upon Lyons to return the cow to him and to pay him for the calf. This the defendant would not do, although notified both verbally and in writing to that effect. The state further showed that when the defendant offered to pay for the cow and Murphy told him that the cow had never been sold to him but was his (Murphy's) property, Lyons did not deny it and started to talking about something else.

The defendant claimed that the cow in question, although bought and paid for by Mr. Murphy, his landlord, was purchased for him, (Lyons) with the understanding that he would pay for it when he had sold enough stuff from the farm to raise the necessary money to do so. In explanation of his conduct when Murphy denied that he had sold the defendant the cow, the latter stated that Murphy was so excited at the time that he would not listen

Charge.

to anything the defendant might say, and he did not attempt to discuss it with Murphy.

WOOLLEY, J., charging the jury:

Gentlemen of the jury:—The general character of the offense of which the prisoner stands indicted is known to the law as embezzlement. [1] It is similar to the crime of larceny in one respect, in that it contemplates the appropriation by one man of the property of another with the intent wrongfully to convert it to his own use. It is distinguished, however, from the crime of larceny, in which the original taking of the property of another must be wrongful, in that the fraudulent appropriation of the goods of another and their unlawful conversion to the use of the one so misappropriating them, may be of goods or personal property which were lawfully taken in the first instance or which came into his hands lawfully.

[2] The particular offense of which the prisoner stands indicted is known to the law as embezzlement as bailee, with reference to which the statutes of this state provide "that if any person, being a bailee of money or other property the subject of larceny, shall embezzle or fraudulently convert the same to his own use, he shall be deemed guilty of a misdemeanor, and upon conviction, shall be punished." *Laws of Delaware, Volume* 19, *Chap.* 782.

A bailment consists in the delivery of some personal property, the subject of larceny, by one person to another, to be by him held, used or handled according to the purpose or object for which it is delivered, upon an understanding, express or implied, that after the purpose for which it is delivered has been fulfilled, it shall be returned to him who first delivered it or be otherwise dealt with according to his direction. A bailee is one to whom property is so delivered.

As the prisoner in this case is charged with embezzlement in his capacity of bailee, the state must first prove to you that the prisoner was in fact the bailee of the property, which he is charged to have embezzled, and second, that as such bailee he embezzled or fraudulently converted the same to his own use.

· If you find that William H. Murphy being the landlord of the prisoner, was the owner of the cow in question and delivered the cow to the prisoner to be by him kept upon the farm for the purpose of producing manure, the delivery of the cow constituted a bailment and the prisoner, upon receiving the cow, became a bailee.

If you find that after so receiving the cow she gave birth to a calf, then the prisoner became the bailee of the calf as well as of the cow.

[3]  If you find that the prisoner thus lawfully came into possession of the cow and calf belonging to Murphy and thereby became the bailee of them, it then remains for you to determine whether the prisoner is guilty of embezzlement, by converting them or either of them to his own use contrary to an express or implied contract of bailment to return them to the owner after the purpose for which they had been delivered to him had been fulfilled.  To do this you must first determine whether the cow or calf were the property of William H. Murphy, second whether the prisoner misappropriated them and converted them or either of them to his own use, and third whether he did it with an intent to defraud William H. Murphy of his property.

[4]  The conversion or misappropriation by a bailee of property intrusted to him may be proven by direct evidence of the fact, or by proof of facts from which the conversion may be inferred.  Any use to which the prisoner put the cow or calf of which he may have been bailee that was inconsistent with the rights of the owner and with the nature and purpose of the bailment, is evidence of a conversion; but in order that it shall amount to a fraudulent conversion to the bailee's own use, it must be effected with the intent to defraud the owner.

[5, 6]  The intent to defraud the owner of his property is the element of the offense that makes the misappropriation criminal, and must be shown before conviction is warranted.  Such an intent to defraud may be shown either by direct evidence or by evidence of facts and circumstances from which a fraudulent intent may reasonably or naturally be inferred.

[7]  If you find that when the cow was purchased by Murphy

it was purchased by him for the prisoner in the sense that the cow thereafter was to belong to the prisoner, and that when the cow was received by the prisoner it was received by him and treated as his own property, for which he was to reimburse Murphy when he made sufficient money out of the farm, as he contends by his testimony, then the cow and its offspring, though not paid for, became the property of the prisoner, his possession of them was that of owner and not as bailee, and his subsequent disposition of the calf and retention of the cow would not constitute the crime of embezzlement as charged against him by the indictment, and your verdict should be not guilty.

If you find that the prisoner was intrusted by William H. Murphy with the possession of a cow that belonged to William H. Murphy, to be kept and used by the prisoner for a particular purpose and that afterward he became possessed of a calf upon its birth from the cow and that the prisoner thereafter converted the cow and calf or either of them to his own use, contrary to the purposes for which it was delivered to him, and with an intent to defraud William H. Murphy of his property, the crime of embezzlement as bailee will have been established, and your verdict should be guilty.

[8, 9] All of the presumptions of law, independent of evidence, are in favor of innocence, and every person is presumed to be innocent of crime until proven guilty. It therefore devolves upon the state to maintain its issue and prove the guilt of the prisoner beyond a reasonable doubt.

[10] Reasonable doubt is an expression often used, rather well understood, but not easily defined. It is not a mere possible doubt, because everything relating to human affairs and depending upon moral evidence is open to some possible, imaginary or speculative doubt. It is a real and substantial doubt founded in reason, and such as intelligent and impartial men would reasonably entertain upon a careful consideration of all the evidence in the case.

[11] If, after considering all of the evidence in this case, by reconciling it where it is conflicting, by giving credit to that which is most worthy of credit and rejecting that which is least worthy

of belief, having regard to the interest, fairness and bias of the witnesses, you entertain a reasonable doubt of the guilt of the prisoner, that doubt should enure to his benefit and your verdict should be not guilty.

The issues of this case are now submitted to you for your determination. In reaching your conclusion you are to limit your consideration to the evidence and the law as stated to you by the witnesses or charged you by the court.

Verdict, not guilty.