## COURT OF APPEALS.

### November 3, 1916.

## THE PEOPLE v. BENJAMIN H. SMITH.

(219 N. Y. 222.)

LARCENY—EMBEZZLEMENT BY DEFENDANT OF BONDS WHICH HE HAD HELD
AS AGENT FOR DECEDENT IN HER LIFETIME—SUFFICIENCY OF ALLEGA-
TION OF INDICTMENT CHARGING THAT DEFENDANT EMBEZZLED
PROPERTY WHICH HE HELD AS BAILEE FOR DECEDENT'S EXECUTOR—
ERRONEOUS CHARGE AS TO OWNERSHIP OF BONDS—WHEN SUCH ERROR
HARMLESS.

1. An executor or administrator has *per se* such a special property
as will permit the goods of his decedent to be described as his
individually.

2. Defendant was indicted for embezzling certain bonds which he
had held as agent for the owner during her lifetime, the indictment
charging that he embezzled property which he held as bailee for her
executor. The defense was that the bonds became the property of
defendant by gift from the owner during her lifetime. *Held*, that it
was error to charge the jury that they need not trouble themselves
about the ownership of the bonds, and to refuse to instruct that in
order to convict they must find that the defendant was the agent
or bailee of the executor. However, in the light of the instruction
to the effect that a gift to the defendant would absolve him from
liability, the charge was equivalent to a ruling that if the defendant
had not previously become the owner of the bonds by gift the execu-
tor became the owner thereof by operation of law, and this could
not possibly have harmed the defendant.

(People v. Smith, 172 App. Div. 826, affirmed.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the Fourth Judicial Department, entered
May 3, 1916, which affirmed a judgment of the Monroe County
Court render upon a verdict convicting the defendant of the
crime of grand larceny in the first degree.

The facts, so far as material, are stated in the opinion.

*P. Chamberlain,* for appellant. There was a fatal variance between the allegations of the indictment and the proof, and the court erred in refusing to discharge the defendant at the close of the People's case. (People v. Dumar, 106 N. Y. 502; People v. Stark, 136 N. Y. 538; People v. Hartwell, 166 N. Y. 361; People v. Albow, 140 N. Y. 130; People v. Sumner, 33 App. Div. 338; People v. Kehoe, 46 N. Y. S. R. 223; People v. Winner, 80 Hun, 130; People v. Livingston, 34 Hun, 105; People v. Barbour, 17 Hun, 366; Filkins v. People, 69 N. Y. 101.)

*John W. Barrett, District Attorney (James Mann* of counsel), for respondent. There is no variance between the pleading and the proof. (1 Williams on Executors, 354, 759; Phelps v. People, 72 N. Y. 334; 2 Whart. Crim. Law, §§ 1177, 1181, 1189; Cole v. Commonwealth, 5 Gratt. 696; People v. Call, 1 Den. 120; Hildebrand v. People, 1 Hun, 19.)

WILLARD BARTLETT, Ch. J.:

The indictment charges the defendant with grand larceny in the first degree, in three counts: (1) That on October 15, 1913, he embezzled five bonds of the Consolidated Coal Company of Maryland, worth $5,000, which he had in his possession as bailee of the Fidelity Trust Company of Rochester; (2) that he feloniously secreted, withheld and appropriated to his own use the said bonds, being the personal property of the said company; and (3) that he stole the said bonds, its said property.

The theory of the prosecution was that the defendant acquired the bonds as agent and in behalf of a wealthy widow residing in Rochester, Mrs. Harriet F. Newcomb, and that after her death he appropriated them to his own use, having then become by operation of law a bailee thereof in behalf of the Fidelity Trust Company of Rochester, the executor under Mrs. Newcomb's will, which corporation is named in the indictment

as the owner of the bonds alleged to have been embezzled, misappropriated and stolen.

The defense was that Mr. Smith had become the owner of these bonds in Mrs. Newcomb's lifetime by virtue of a direct gift thereof from her to him; and, therefore, that he continued to own them after her death and the title thereto never passed to her executor. There was some evidence adduced in behalf of the defendant tending to show that these and other securities, described on the trial as Spencer Trask securities, had been given by Mrs. Newcomb to Mr. Smith in recognition of his services as her trusted confidential agent, extending over a period of many years. He had charge of her business and financial affairs, had been a member of her household since 1905, and, according to the testimony of a lady who lived in the family, they were "just like mother and son together." There was, therefore, some basis for regarding him as one who might naturally be a recipient of Mrs. Newcomb's bounty. No direct proof of any gift, however, was laid before the jury. The only evidence from which a gift could be inferred was proof of declarations by Mrs. Newcomb to the effect that she wanted to give — and in one instance a statement by her that she had given — certain valuable securities to Mr. Smith.

The ownership of the property was sufficiently alleged in the indictment, although the Fidelity Trust Company was not described therein as the executor of Harriet F. Newcomb. "An executor or administrator has *per se* such a special property as will permit the goods to be described as his individually." (2 Wharton's Crim. Law [11th ed.], § 1189.) It was essential, however, for the prosecution to prove the ownership as laid. (2 Bishop's New Crim. Pro., § 752, subd. 1; Mahan's Case, 3 N. Y. City H. Rec. 44; King v. State, 44 Ind. 285; Bell v. State, 46 Ind. 453.) So imperative is this rule that it has been held in another jurisdiction that if the owner be described in the indictment as to the jurors unknown, and it

appears in the evidence that his name is known, the defendant should be acquitted of that indictment and tried on a new one for stealing the goods of the owner by name. (State v. Furlong, 19 Me. 225.)

The requirement was fulfilled by the proof in the present case, unless Mrs. Newcomb had made a gift of the bonds to the defendant. He receipted for them in her behalf when she acquired them, and if they remained in his custody as her agent, without any change in the character of his title, up to the time of her death, he thereupon became a bailee thereof in behalf of her executor. An intermediate gift, however, would have made them the absolute property of the defendant individually, and of course he could not have stolen them from himself.

The learned trial judge, therefore, erred when he told the jury that in considering the case they need not trouble themselves about the ownership of the bonds by the Fidelity Trust Company, and when he refused to instruct them, as requested by the defendant's counsel, that in order to convict they must find from the evidence that the defendant was the agent or bailee of the corporation, executor. The ownership of the property alleged to have been stolen is always material in a prosecution for larceny, and the question, wherever it involves any matter of fact, cannot properly be withdrawn from the consideration of the jury, no matter how clear the proof may be. The instruction and the refusal were erroneous because the ownership of the bonds by the Fidelity Trust Company depended upon the question whether they had or had not been given to Mr. Smith by Mrs. Newcomb in her lifetime, and that was a controverted question of fact the determination of which belonged to the jury. It follows that such an error would ordinarily be fatal to a conviction. In the present case, however, I think we may be confident that it was not harmful to the defendant. Unless there had been a gift of the bonds to the defendant, the proof that they belonged to Mrs. Newcomb's

executor was uncontroverted.    The learned trial judge referred to defendant's claim that the bonds had been given to him as the crucial point in the case, saying in substance, also, that it was not incumbent upon the defendant to prove a gift, but that the People were bound to establish beyond a reasonable doubt that there had not been one.    The jury were made clearly to understand that if the defendant had become the owner of the bonds by gift, he could not be convicted; and he did not question the executor's claim of ownership on any other ground.    In the light, therefore, of the instruction to the effect that a gift to the defendant would absolve him from liability, the error which has been considered was equivalent to a ruling that if the defendant had not previously become the owner of the bonds by gift from Mrs. Newcomb, the Fidelity Trust Company of Rochester became the owner thereof as her executor by operation of law; and this could not possibly have harmed the defendant.

As to the other exceptions, we are satisfied with the disposition made of them in the opinion of the presiding justice of the Appellate Division.

The judgment should be affirmed.

HISCOCK, COLLIN, CUDDEBACK and POUND, JJ., concur; HOGAN, J., not voting.

Judgment affirmed