BAKER *v.* STATE OF INDIANA.

[No. 25,226.   Filed October 24, 1928.]

*Chester L. Teeter* and *Eggeman, Reed & Cleland*, for appellant.

*Arthur L. Gilliom*, Attorney-General, *Bernard A. Keltner* and *Albert M. Campbell*, for the State.

MARTIN, J.—Appellant was charged by affidavit under §378, ch. 61, Acts 1907, §2452 Burns 1926 with the larceny of six chickens "the property of John Walter Beers . . . of the value of nine dollars," was tried by a jury which found him guilty and was fined $1 and costs and sentenced to imprisonment in the Indiana State Prison for a period of from one to eight years.

One of the several errors assigned is that the court overruled appellant's motion for a new trial, in which he

alleges that the verdict is not sustained by sufficient evidence. Beers, who made the affidavit instituting the prosecution, did not testify, and the only witnesses for the state were two prisoners from the Indiana reformatory, alleged accomplices of appellant in the chicken stealing, and they did not testify as to the value, nor as to the ownership of the chickens.

In proving the crime of petit larceny, value cannot be presumed of anything but money, and when the stolen property consists of anything else, proof of its value is essential. Ewbank, Indiana Crim. Law §800. "Without proof of the value of stolen property, there can be no conviction for larceny . . . in the absence of any evidence upon the subject of such value, the court or jury could not indulge in presumptions to supply the omission. The goods need not be proved to be of the value charged in the indictment, but it must be shown that they are of some value." *Burrows* v. *State* (1894), 137 Ind. 474, 37 N. E. 271. In some jurisdictions the reasonable rule of law prevails that the fact of value need not be established by separate or specific proof, but that the jury may infer value where the nature of the property is such as to justify such an inference, *State* v. *Nelson* (1917), 91 Vt. 168, 99 Atl. 881; *State* v. *Gerrish* (1885), 78 Me. 20, 2 Atl. 129; *Houston* v. *State* (1852), 13 Ark. 66, but such rule has never been adopted in Indiana, and a majority of this court (not including the writer), is unwilling to adopt it now.

To sustain a charge of larceny, the evidence must show that the thing alleged to have been stolen was the property of the person named as its owner in the indictment, information (or affidavit), *King* v. *State* (1873), 44 Ind. 285; *Bell* v. *State* (1874), 46 Ind. 453; the name of the owner of the property stolen

being a necessary part of the description of such property. *Culley* v. *State* (1923), 192 Ind. 687, 138 N. E. 260. The state's witnesses testified that they, with appellant, stole the chickens from a chicken house near the home of John Beers. While ownership need not be established by direct proof, but may be proved by circumstances and inferences, *Commonwealth* v. *Carroll* (1877), 123 Mass. 411; *George* v. *United States* (1908), 1 Okla. Crim. 307, 97 Pac. 1052, the testimony just referred to is not equivalent to testimony that the chickens were the property of Beers, nor can we hold that it is sufficient to warrant a presumption or inference of his ownership.

The evidence not being sufficient to sustain it, the judgment is reversed, and the cause is remanded with directions to grant appellant's motion for a new trial.