PEOPLE *v.* ANDREWS.

EMBEZZLEMENT—APPLICABLE STATUTE—REPEAL BY IMPLICATION.

In prosecution for embezzlement, where the evidence shows that complaining witness turned over certain bonds to defendant with which to purchase certain units in syndicate having contract rights in real estate, and that he converted them to his own use, he was not an agent or servant of complaining witness so as to bring his offense within 3 Comp. Laws 1915, § 15310, expressly repealed by Act No. 48, Pub. Acts 1927, but he was properly charged and sentenced under section 15315, which was not repealed by said act either expressly or by implication.

Error to Iosco; Dehnke (Herman), J.  Submitted January 23, 1930.  (Docket No. 155, Calendar No. 34,536.)  Decided March 6, 1930.

William J. Andrews was convicted of embezzlement.  Affirmed.

*David I. Hubar,* for appellant.

*Wilber M. Brucker,* Attorney General, and *John A. Stewart,* Prosecuting Attorney, for the people.

Sharpe, J.  In the first count of the information the defendant was charged with the larceny of personal property of the value of more than $100, and in the second count with the embezzlement of certain bonds, the property of Mary L. Eastman, of the value of $2,500, on August 20, 1926.  He was convicted under the second count, and here seeks review by writ of error.

While no section of the statute was expressly referred to in the information, the trial court held that the charge was properly laid under section 15315, 3 Comp. Laws 1915, and sentenced the defendant thereunder.  It reads as follows:

"If any person to whom any money, goods, or other property which may be the subject of larceny, shall have been delivered, shall embezzle or fraudulently convert to his own use, or shall secrete with the intent to embezzle, or fraudulently use such goods, money, or other property, or any part thereof, he shall be deemed by so doing to have committed the crime of larceny."

The errors relied on by defendant may be thus stated:

1.  The prosecution should have been under section 15310, and not under 15315.

2.   Section 15310 was expressly repealed and section 15315 repealed by implication by Act No. 48, Pub. Acts 1927, and no saving clause appears therein.

3.   That under the proofs submitted the motion of defendant for a directed verdict in his favor should have been granted.

1.   We are not impressed that under the evidence submitted (hereafter referred to), the defendant was an agent or servant of the complaining witness, as is required to warrant the charge of embezzlement under section 15310.

2.   Act No. 48, Pub. Acts 1927, provides for punishment of embezzlement by any agent, servant, or employee, or by a trustee or custodian of the property of another, and expressly repealed section 15310 and many other sections relating to such offenses, but section 15315 is not included among them. If the offense was properly chargeable under this latter section, it cannot be well said that it was repealed by implication. The offense described therein differs much from those stated in Act No. 48, and the repeal of other sections by said act leads strongly to the conclusion that no such repeal was intended.

3.   The record discloses that the defendant sought to interest the complaining witness in a syndicate known as "Sunset Park Boulevard Syndicate," which had certain contract rights in real estate. The interests of the several members were represented by what were called "units." The complaining witness turned over certain bonds owned by her to the defendant with which to purchase certain of these units. It is with the embezzlement of these bonds that he is here charged. They were delivered to the defendant by the complaining witness, and the evidence warranted the finding of

the jury that he fraudulently converted them to his own use. Section 15315 was first enacted in 1875, Act No. 168. In the Compiled Laws of 1897 it appears as section 11570. A conviction under a quite similar state of facts was sustained in *People* v. *Thorne,* 148 Mich. 203.

The judgment is affirmed.

WIEST, C. J., and BUTZEL, CLARK, POTTER, NORTH, and FEAD, JJ., concurred. McDONALD, J., did not sit.