STATE OF IOWA, Appellee, v. B. J. CAVANAUGH, Appellant.

No. 40384.

■■■■■■■■■■■■■■■■■■■

April 10, 1931.

Rehearing Denied April 8, 1932.

■■■■■■■■■■■■■■■■■■■

Parsons & Mills, of Des Moines, for appellant.

John Fletcher, Attorney-general, Carl S. Missildine, County Attorney, and Alex M. Miller, Assistant County Attorney, for appellee.

Faville, C. J.—On or about June 9, 1925, one Margaret C. Barnett borrowed the sum of $2000 of the appellant and gave her notes therefor, payable June 9, 1930, with interest at 7 per cent, and secured the same by a real estate mortgage on certain property in the city of Des Moines. On June 15, 1925, the appellant sold said notes to Katherine E. Frawley and assigned said mortgage to her. The assignment was not placed of record. In January, 1927, the debtor Mrs. Barnett, by her agent, delivered to the appellant a check for $2000 payable to his order, and a second check for $11.67, the two checks covering the total amount then due on said two notes. At that time the appellant was advised that the money was paid to the appellant in satisfaction of said notes and mortgage. The appellant endorsed the checks and cashed them. On January 10, 1927, the appellant released said mortgage of record. The purchaser of the notes, Mrs. Frawley, had never authorized the appellant to collect the notes. At the time appellant received the money he executed a receipt as follows:

"Des Moines, Iowa, January 10, 1927.
"Received of Margaret C. Barnett $2,011.67 of which $2000.00 is the principal of the loan of the amounts secured by a

mortgage on the No. 47 feet, the north 80 feet of lot 12 of the property described in the mortgage, Exhibit No. '3'. Signed,

"B. J. Cavanaugh."

The material part of the county attorney's information under which the appellant was prosecuted, is as follows:

"Information for Embezzlement by Bailee.

"Comes now Carl S. Missildine, County Attorney of Polk County, State of Iowa, and in the name and by authority of the State of Iowa, accuses B. J. Cavanaugh of the crime of Embezzlement by Bailee Committed as follows:

"The said B. J. Cavanaugh on or about the 10th day of January, A. D., 1927, in the County of Polk and State of Iowa, embezzled and fraudulently converted to his own use or secreted with intent to embezzle and fraudulently convert to his own use about $2000.00, delivered to him by Margaret C. Barnett which the said B. J. Cavanaugh received into his possession and control as bailee for Katherine E. Frawley."

The appellant argues but one proposition in this court, and under a familiar rule the other errors which are assigned and not argued are deemed waived. State v. Neifert, 206 Iowa 384; State v. Harding, 204 Iowa 1135; State v. Gibson, 204 Iowa 1306; State v. Ivey, 196 Iowa 270; State v. Derry, 202 Iowa 352.

The sole question for our determination upon this appeal, then, is: Under the undisputed facts, and under the allegations of the county attorney's information, can the defendant be held liable for embezzlement as a bailee?

Code section 13030 is as follows:

"Whoever embezzles or fraudulently converts to his own use, or secretes with intent to embezzle or fraudulently convert to his own use, money, goods, or property delivered to him, or any part thereof, which may be the subject of larceny, shall be guilty of larceny and punished accordingly."

Code section 13031 provides for the punishment for embezzlement by officers, agents, clerks, servants, and other similar persons.

Appellant places reliance upon the case of State v. Cooper, 102 Iowa 146. In that action the defendant was accused of larceny by embezzlement. The case turned upon the question as to

whether or not, under the facts disclosed, the defendant received the money which he was charged with having embezzled as the agent of a certain party. The case is not controlling in the instant case for the very good and sufficient reason that it was decided before the statute under which the present information was filed was enacted. In the Cooper case the indictment was brought under the section of the statute referring to larceny by an agent, which is now embodied in Code section 13031 above referred to. Code section 13030, providing for the punishment for embezzlement by a bailee, first became a statute in the Code of 1897, and the Cooper case had no reference to it.

The appellant also relies upon State v. Folger, 204 Iowa 1296. In said case we clearly pointed out the distinction between the two statutes, one providing the punishment for embezzlement by an agent, where proof of agency is indispensable, and the other providing for punishment for embezzlement by a bailee, where proof of bailment is indispensable. We there held that the offenses are separate and distinct.

Under the evidence in this case it clearly appears that the appellant did the very thing which the statute in terms declares is a crime. He fraudulently converted to his own use money or property delivered to him which might be the subject of larceny. It is not a material inquiry in this case as to whether or not the appellant was the agent of Mrs. Barnett, who owed the notes and who paid the money to the appellant, or was the agent of Mrs. Frawley, who owned the notes and to whom the appellant was in duty bound to pay the money. The simple situation is that the money at no time belonged to the appellant, nor did he have any rights therein. It was turned over to him for the specific purpose of paying the notes and mortgage in question. He gave his receipt therefor to the debtor. He thereupon converted the money to his own use. He is charged as being a bailee of the fund and with having converted the same. He is not charged as being an agent who converted money coming into his hands.

In Bergman v. People, 52 N. E. Rep. 363 (Ill.), the court, in considering a similar statute referring to embezzlement by fraudulent conversion by a bailee, said:

"The doctrine of this statute is that if 'the owner parts

with the possession voluntarily, but does not part with the title, expecting and intending the same thing shall be returned to him, or that it shall be disposed of on his account, or in a particular way, as directed or agreed upon, for his benefit, then the goods may be feloniously converted by the bailee, so as to relate back, and make the taking and conversion a felony, if the goods were obtained with that intent.' "

The general rule is that under statutes of this character punishing embezzlement by a bailee, it is unnecessary to prove agency, and that a bailee, within the meaning of such a statute, is one who fraudulently converts to his own use, money, goods, or property delivered to him by another party to be held by him and returned to the bailor or delivered to another party. As bearing on this question, see People v. Andrews, 229 N. W. 401 (Mich.) ; Compton v. State, 143 S. W. 897 (Ark.) ; People v. Thorne, 148 Mich. 203; Burns v. State, 145 Wis. 373; People v. Smith, 219 N. Y. 222; State v. Lyons, 80 Atl. 976 (Del.).

We find no error in the record of which complaint is made. The judgment of the district court is therefore—Affirmed.

EVANS, KINDIG, GRIMM, and MORLING, JJ., concur.