RHOADES *v.* STATE OF INDIANA

[No. 28,171. Filed December 9, 1946.]

*Theodore Lockyear* arid *Paul Wever*, both of Evansville, for appellant.

*James A. Emmert*, Attorney General, *Frank E. Coughlin*, First Assistant Attorney General, and *Forrest W. Lacey, Jr.*, Deputy Attorney General, for the State.

GILKISON, C. J.—Appellant was charged by affidavit in the court below with the crime of grand larceny. After plea, he was tried by jury, found guilty, and sentenced as provided by statute. The affidavit charged the appellant with stealing an oil drum containing 53 gallons of motor oil, "the personal goods and chattels of Tecumseh Coal Corporation," and of the value of $37.00.

Error assigned is overruling the motion for new trial. Among other reasons the motion for new trial states (1) that the verdict of the jury is not sustained by sufficient evidence and (2) that the verdict of the jury is contrary to the law.

On this appeal appellant is represented by attorneys other than the attorney who represented him before the trial court. In his brief appellant claims that his representation at the trial was "merely perfunctory." That improper evidence was admitted and improper questions were repeatedly asked by the prosecuting attorney, without objection by his attorney. But in argument before this court, appellant's attorney stated that his client was represented in the trial by an attorney "of experience and ability." For these reasons and on

the authority of *Wilson* v. *State* (1943), 222 Ind. 63, 51 N. E. (2d) 848, appellant asks for a reversal of this case. We have read the bill of exceptions in full, and find nothing therein comparable to the facts in the Wilson case. Appellant was fairly represented in the trial court by an attorney of experience and ability, and of his own choice, and we see no reason for his complaint that his representation was merely perfunctory.

In further support of the error assigned appellant urges that there is no evidence to prove that the property alleged to have been stolen was the personal goods and chattels of Tecumseh Coal Corporation as charged in the affidavit.

Of course in the trial court every material allegation contained in the affidavit must be established by the evidence beyond a reasonable doubt, to sustain the conviction. The name of the owner of the property alleged to have been stolen is a material allegation of the affidavit. It is a part of the description of the property, and must be established by the evidence beyond a reasonable doubt or a conviction cannot be had. *Baker* v *State* (1928), 200 Ind. 336, 337, 163 N. E. 268; *Culley* v. *State* (1923), 192 Ind. 687, 691, 138 N. E. 260; *Bell* v. *State* (1874), 46 Ind. 453, 454; *King* v. *State* (1873), 44 Ind. 285, 286; *Widner* v. *The State* (1865), 25 Ind. 234; *Hogg* v. *The State* (1833), 3 Blackford 326; 36 C. J., § 403, p. 859. And on appeal there must be some legal evidence, or inference naturally and logically flowing from the evidence, tending to establish each material averment of the affidavit, and this court may examine the record to ascertain if it contains such evidence or inference. *Deal* v. *State* (1894), 140 Ind. 354, 356, 357, 359, 360, 39 N. E. 930; *Bischof* v. *Mikels* (1897), 147 Ind. 115, 117, 118, 46 N. E. 348; *Patterson*.

v. *State* (1921), 191 Ind. 224, 228, 132 N. E. 585; *Robertson* v. *State* (1934), 207 Ind. 374, 379, 380, 192 N. E. 887.

The statutory definition of the crime of grand larceny (§ 10-3001, Burns' 1942 Replacement) requires that the name of the owner of the stolen property be averred in the affidavit.

It is not essential that the absolute ownership be in the person alleged to be the owner. It is sufficient if the evidence shows him to be in possession of the property as bailee, agent, trustee, executor or administrator. *State* v. *Tillett* (1909), 173 Ind. 133, 89 N. E. 589.

The substance of the evidence of ownership was by the witness, Ray Wilson, who testified in chief that he is the Sinclair distributor of petroleum products, gasoline, motor fuel and fuel oil for Warrick and Spencer counties. As such he had some oil in his possession belonging to Tecumseh Coal Corporation on June 25th of this year (1945). He had 12 barrels of oil that he had sold to and intended to deliver to Tecumseh Coal Corporation. A few days after rolling it out to itself, he discovered a barrel was missing. He later saw it at the service garage. On cross-examination he said that Tecumseh Coal Corporation had not paid for the oil and he did not know whether it belonged to him or Tecumseh Coal Corporation, but if it had not been found he and not the Tecumseh Coal Corporation would have had to replace it. He was responsible for the oil until it was delivered, and it would not be paid for unless it was delivered.

No representative or servant of Tecumseh Coal Corporation testified in the case and there is no evidence that it ever had possession of the property.

From the above recitation of the evidence it will be noted that the witness, Wilson, testified generally of ownership of the property in Tecumseh Coal Corporation, but this general statement of ownership is quite overwhelmed by the facts given in detail by him on cross-examination. A general statement of ownership is admitted on the principle that the witness so testifying may be compelled on cross-examination to state the facts in detail upon which the claim of ownership is based. 32 C. J. S. *Evidence,* §§ 519, 548, pp. 216, 340; *Steiner Bros. & Co.* v. *Tranum* (1893), 98 Ala. 315, 133 So. 365. The chief incidents of ownership of property are the rights of possession, of use and enjoyment, and of disposition. 32 Cyc. 676, "Property VI Ownership and Incidents Thereof."

Blackstone lists 12 principal modes of acquiring, or losing one's right or title to personal property, to which Cyc. adds that of abandonment. 32 Cyc. 680, 681 "Property B. Modes of Acquisition or Loss." Of the 13 ways there noted only that "by contract" is involved in this case. The evidence shows, that at the time it was stolen the property was in the possession of Ray Wilson as the agent of Sinclair, the owner. It is not shown that either Wilson or Sinclair had ever parted with any part of their title or ownership, by any contract, or in any other manner known to the law; nor, of course, is it shown that Tecumseh Coal Corporation ever acquired title or ownership in it either in whole or in part. When a general statement of ownership is completely disproved by a detailed statement of the facts upon which it is based, and by the same witness, such general statement ceases to exist as a fact in the case. *Sullivan* v. *State* (1927), 200 Ind. 43, 47, 161 N. E. 265; 32 C. J. S. *Evidence,*

§ 440, p. 72. It remains in the record only as an error of the witness who made it. It cannot be the basis of a verdict and judgment.

While this court will not weigh the evidence, it will not say that a mere trace or trifle is sufficient to sustain an issuable fact. *Sullivan* v. *State, supra; Wright* v. *Bertiaux* (1903), 161 Ind. 124, 129, 66 N. E. 900; *Eaton* v. *State* (1916), 186 Ind. 167, 169, 170, 115 N. E. 329; *United States Cement Co.* v. *Whitted* (1910), 46 Ind. App. 105, 107, 90 N. E. 481; *Sylvester* v. *State* (1933), 205 Ind. 628, 631, 187 N. E. 669; *Williams* v. *State* (1929), 90 Ind. App. 667, 673, 674; 169 N. E. 698; *Osbon* v. *State* (1938), 213 Ind. 413, 427, 428, 13 N. E. (2d) 223. For this reason the cause must be reversed.

The judgment is reversed with instructions to the lower court to sustain appellant's motion for new trial.

NOTE.—Reported in 70 N. E. (2d) 27.