# United States Cement Company *v.* Whitted, by Next Friend.

[No. 6,746. Filed January 14, 1910. Rehearing denied March 10, 1910. Transfer denied June 2, 1910.]

1. Master and Servant.—*Dangerous Ditch.—Location.—Complaint.*—A complaint alleging that the ditch containing hot water, into which the plaintiff fell, "was constructed, maintained and kept by defendant, with full knowledge of all the dangers and defects thereof," sufficiently shows that the ditch was on defendant's premises. p. 106.

2. Master and Servant.—*Duty.—Complaint.*—A complaint alleging that it was necessary that the plaintiff "go about the grounds in search of wood," and that while doing so he was injured, shows that he was injured while in the discharge of his duty. p. 107.

3. Trial.—*Verdict.— Interrogatories.— Conflict.— Inferences.*— A general verdict for the plaintiff establishes every alleged fact in plaintiff's favor, except those shown otherwise by the answers to the interrogatories; and in considering such answers all inferences are indulged in support of the general verdict, and none in favor of such answers; and the evidence cannot be looked to to interpret such answers. p. 107.

4. Appeal.—*Evidence.—Sufficiency.—Weight.*—The Appellate Court will not weigh the evidence, but will determine its sufficiency. p. 107.

5. Master and Servant.—*Unsafe Place.—Injuries from Falling into Ditch Filled With Hot Water.—Negligence.—Evidence.*—Evidence showing that a servant in hunting wood, at night, fell into an open ditch filled with hot water, thereby sustaining injuries, is not sufficient, where there is no evidence showing that the defendant was negligent in running such water into such ditch, or in permitting it to remain there. pp. 108, 109.

6. Evidence.—*Inference upon Inference.*—A fact cannot be inferred from an inference. p. 108.

From Lawrence Circuit Court; *James B. Wilson*, Judge.

Action by Harley Whitted, by his next friend, against the United States Cement Company. From a judgment on a verdict for plaintiff for $1,200, defendant appeals. *Reversed.*

*Elmer E. Stevenson, Thomas J. Brooks* and *William F. Brooks,* for appellant.

*McHenry Owen* and *Rufus H. East,* for appellee.

RABB, P. J.—Appellant is engaged in the manufacture of cement, and for this purpose maintains an extensive plant, comprising a number of buildings and a certain extent of grounds surrounding them. Among other buildings is one in which kilns are built, and in which the material out of which cement is manufactured is burned, and on the grounds about this building is a pool or ditch, which on the occasion giving rise to this action was filled with hot water. No provision for heating the kiln building was made by appellant, other than the fire in the kilns.

Appellee was engaged in the service of appellant, at work with other employes in the kiln building. A temporary wood fire was built in the building, for the purpose of keeping appellant's employes at work therein comfortably warm. Appellee went out of the building in search of fuel to keep up the fire. It was night, and he fell into a ditch of hot water and was injured. He brought this action to recover damages for the injury, predicated on the theory that appellant was guilty of negligence in maintaining on its premises the unguarded ditch of hot water.

The questions presented by the record for the decision of this court arise upon the sufficiency of the complaint to withstand demurrer, the right of appellant to a judgment in its favor on the answers to interrogatories, and the sufficiency of the evidence to sustain the verdict.

The point is made against the complaint that it fails by direct averment to show that the ditch of water was on the appellant's premises. The point is not well taken.

1. It is directly averred in the complaint that "the ditch was constructed, maintained and kept by defendant, with full knowledge of all the dangers and defects thereof," and in the connection in which this direct averment is made,

a person of common understanding must have known that the ditch referred to was filled with hot water,. into which appellee fell.

The point is also made against the complaint that the facts averred failed to disclose that appellee was injured 2. while in the discharge of any duty owing to appellant. This point is not well taken. The complaint does aver that it was necessary "that he [appellee] go about the grounds in search of wood." This is the statement of an issuable fact, imposing the duty. The complaint was sufficient. The general verdict established every material 3. fact alleged in the complaint in favor of appellee, except such as cannot be harmonized with the answers returned by the jury to the interrogatories, and in considering the answers to interrogatories and the general verdict all inferences, presumptions and intendments are to be indulged in favor of the general. verdict, and none in support of the answers to interrogatories. Nor can the court look to the evidence to interpret answers to interrogatories.

The answers to the interrogatories returned in this case are not in irreconcilable conflict with the general verdict, and there was no error in overruling appellant's motion for judgment in his favor upon them.

The serious question presented by the appeal is whether the evidence is sufficient to sustain the verdict. While this court has no power to weigh evidence, it is essential to 4. the plaintiff's right to a recovery in any case, not only that the complaint state facts sufficient to constitute a cause of action, but that he shall prove such facts by sufficient evidence. And while the weight of such evidence is not for this court to determine, its sufficiency is. *Butterfield* v. *Trittipo* (1879), 67 Ind. 338; *Atlas Engine Works* v. *Randall* (1885), 100 Ind. 293, 50 Am. Rep. 798; *Cleveland, etc., R. Co.* v. *Wynant* (1893), 134 Ind. 681; *Wright* v. *Bertiaux* (1903), 161 Ind. 124; *Cleveland, etc., R. Co.* v. *Miller* (1898), 149 Ind. 490; *Habbe* v. *Viele* (1897), 148 Ind. 116.

The charge of negligence made against appellant is that it maintained upon. its premises a pool or ditch of scalding water, without sufficient guard, and into which appellee fell and was scalded. The injury complained of does not arise from wounds occasioned by the fall, but from burns and scalds inflicted by the hot water. So the gist of the wrong charged is the maintenance of the ditch or pool of hot water. The hot water created the danger and caused the injury.

It is not averred in the complaint, nor does it appear from the evidence, that the ditch itself was dangerous, or that but for the presence of the hot water in it appellant would be guilty of negligence in failing to maintain guards around it. Therefore, to establish appellee's case, the evidence must show that the presence of the hot water in the ditch, which alone caused the injury complained of, was due to some negligent act of appellant, or that it knew or should have known of its presence, and have maintained proper guards around it.

The only evidence on this subject disclosed by the record is the testimony of several witnesses regarding the location and size of the ditch, and of appellee and other witnesses to the fact that on the occasion when the accident happened there was about eighteen inches of hot water in the ditch, and that the source of the ditch was in appellant's power-house. From this fact, it might be possible to infer that the hot water came from the power house, but this would not justify the further inference that the ditch was customarily used by appellant as a conduit for hot water, or that the presence of the hot water in it on the occasion in question was either known by appellant, or was the result of any negligent act on its part. We cannot build one inference upon another. 3 Rice, Evidence §342; *Jenkins* v. *State* (1885), 62 Wis. 49, 63, 21 N. W. 232; *People* v. *Kennedy* (1865), 32 N. Y. 141; *United States* v. *Ross* (1875), 92 U. S. 281, 23 L. Ed. 707; *Asbach* v. *Chicago, etc., R. Co.* (1887), 74 Iowa 248, 37 N. W. 182; *Neal* v. *Chicago,*

*etc., R. Co.* (1905), 129 Iowa 5, 105 N. W. 197, 2 L. R. A. (N. S.) 905; *Smith* v. *First Nat. Bank* (1868), 99 Mass. 605, 97 Am. Dec. 59; *Crafts* v. *Boston* (1872), 109 Mass. 519; *Morley* v. *Eastern Express Co.* (1874), 116 Mass. 97; *Ruppert* v. *Brooklyn Heights R. Co.* (1897), 154 N. Y. 90, 47 N. E. 971; *Commonwealth* v. *Webster* (1850), 5 Cush. 295, 52 Am. Dec. 711; *Evansville Metal Bed Co.* v. *Loge* (1908), 42 Ind. App. 461.

Here there is not a scintilla of evidence to prove that the ditch in question was used by appellant or any one else as a conduit for hot water, or that the presence of the hot water in the ditch was a result of any negligent act on the part of appellant. There was no attempt on the part of appellee to connect appellant, in any manner, with the presence of the hot water in the ditch. So far as appears in the record, hot water was never in the ditch before the time and occasion when appellee met with the accident, and appellant may have been entirely ignorant of its presence there at that time, and have had no opportunity to know that there was hot water in the ditch. Then it may have come there, for anything disclosed by the record, as a result of a pure accident. The evidence failed to show that the appellant was in any way responsible for the hot water in the ditch, or facts from which the law would impose a duty upon appellant to maintain a guard around it.

The evidence was insufficient to support the verdict, and, for this reason, the judgment must be reversed.

Myers, C. J., Hadley and Comstock, JJ., concur.

Watson and Roby, JJ., concur in result.