MRS. M. L. DUNCAN, *Appellee*, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellant*.

No. 16,255.

SYLLABUS BY THE COURT.

1. FINDINGS OF FACT—*Presumptions.* To find a fact by presumption or inference, the inference should be a logical deduction and reasonably certain in the light of all other proper presumptions and of all collateral facts.

2. —— *Evidence.* Where there is no substantial evidence, direct or circumstantial, tending to prove a material fact in issue, a finding that it exists can not be sustained.

Appeal from Clark district court; GORDON L. FINLEY, judge. Opinion filed April 9, 1910. Reversed.

*M. A. Low,* and *Paul E. Walker,* for the appellant.

*F. C. Price, D. W. Harrington,* and *Wallace & Lumpkin,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: This action is for damages for the death of the plaintiff's husband, who was a brakeman in the service of the defendant railway company. In order to set out a freight car at a switch while the train was moving Mr. Duncan stood on the stirrup near a corner of the car next behind the one that was to be set out, grasping the handhold with one hand, and reached down to or toward the lever of the coupling appliance at the end of the car with the other hand. This was the usual way of uncoupling and setting out a car from a moving train, the brakeman thus standing upon the stirrup raising the lever which would lift the pin; he would then go upon the top of the car and set the brakes to hold the detached part of the train in place while the forward part, on signal from the brakeman to the engineer, would move past the switch, and then back, pushing the car to be set out upon the side track. The conductor saw Duncan in the position described, appar-

ently ready to raise the lever, and then stepped into the depot. Coming out a minute afterward he saw him rolling out from under a car in the rear, on the opposite side of the train. The uncoupling had been made and the train had parted, but both parts were moving forward. Duncan had not been upon the top of the car and the brakes had not been set. Blood was found upon the ties outside the rail on the opposite side of the track from where Duncan had last been seen, and also upon one of the cars. He was hurt, and died from the injury. The engineer testified that he saw him upon the stirrup, and said that he was leaning over in the car and that he gave the signal to go forward. The jury found, however, that the signal was not given. When asked what he meant by "leaning over in the car" the engineer said that he meant "leaning over against the car, and he would have one hand down pulling." The brake beam of the car was found to be defective. It hung upon brake hangers and chains. In stepping upon it, for some reason not shown, it would sink down.

The claim of the plaintiff is that the lever of the coupling device was disconnected and failed to work and for that reason the deceased was compelled to stoop or lean between the cars to lift the coupling pin with his hand, and in doing so placed his foot on the defective brake beam, which, sinking down, caused him to fall. Evidence was given that where the lever fails to lift the pin it becomes the duty of the brakeman to proceed in that manner when uncoupling moving cars.

The jury found that the ladder, handhold and stirrup were in good order, but that the brake beam and coupling appliance were not in proper condition. They stated that the defect in the latter was that the pin could not be raised by use of the lever. The finding with respect to the brake beam is supported by direct evidence. The finding that the coupling appliance was defective rests entirely upon the circumstances shown

in evidence. The conductor testified that it was in good condition and worked properly immediately after the accident. The argument of the plaintiff to support the finding to the contrary is that the physical facts show that it was necessary to stoop between the cars to lift the pin, which necessity could only arise by reason of a defect in the coupling appliance; that the deceased being an experienced brakeman, as the evidence proved, it must be assumed that he was performing his duties properly; that if the uncoupling could have been made without going between the cars he would have so done it; and that it therefore follows that the injury occurred by reason of the defective coupling, the brake beam giving way when he set his foot upon it, causing him to fall.

The finding that the coupling appliance was out of order rests upon the assumption that the deceased would not otherwise have placed his foot upon the defective brake beam, but there is no evidence that he did place his foot upon the brake beam except the inference or presumption that the coupling appliance was defective, making it necessary to do so to pull the pin with his hand. That facts may be found by presumption or reasonable inference from other facts is elementary, but the contention of the plaintiff goes far beyond this. It is first presumed that the brakeman was doing his duties properly, which is a fair presumption; it is next presumed that he could not lift the pin by use of the lever; it is presumed from this that the appliance was out of order, and because of this defect it is presumed that he stepped upon the defective brake beam, thereby losing his life.

It is argued that the presumption that he could not use the lever is supported by the testimony of the engineer that he saw Duncan leaning in or against the car, but this is a slight circumstance and is not necessarily inconsistent with the use of the lever. It does not show, as claimed, that he went between the cars or was upon

the brake beam. It has been said that one presumption of fact can not in law become the basis of another presumption of fact. (*Railway Co. v. Rhoades,* 64 Kan. 553; *Railway Co. v. Baumgartner,* 74 Kan. 148.) This doctrine is assailed by a distinguished writer (1 Wig. Ev. § 41), and it has been held that it is subject to exceptions. (*Hinshaw v. The State,* 147 Ind. 334, 363; Burrill Cir. Ev. p. 138.) An examination of the discussions upon this subject leads to the query whether there has not been much strife about words concerning it. The real question must always be whether there is substantial evidence, direct or circumstantial, fairly tending to prove the fact in issue. Presumptions, as understood in the law of evidence, must have substantial probative force as distinguished from surmise. If a fact may be established by inference from the presumption of another fact, it should at least be a logical deduction and reasonably certain in the light of all other proper presumptions and of all collateral facts. The chain of presumptions ought not to be extended into the region of conjecture. (*Diel v. Mo. Pac. Ry. Co.,* 37 Mo. App. 454.) A fact is not proved by circumstances which are merely consistent with its existence. (*Carruthers v. C. R. I. & P. Rly. Co.,* 55 Kan. 600.)

The lamentable death of this man may have been caused by some mischance after the uncoupling was effected. It may have been caused in the manner claimed by the plaintiff. Possibly one conjecture is as reasonable as another, but the evidence does not reveal the cause of his fall. In the absence of such evidence there can be no recovery. (*Hart v. Railroad Co.,* 80 Kan. 699.) It has been said recently by this court:

"It is not sufficient to show circumstances which would indicate that the other party might have been guilty of negligence, especially when the evidence furnished suggests with equal force that the injury might have resulted without fault on the part of the other party." (*Brown v. Railroad Co.,* 81 Kan. 701, syllabus.)

While it is presumed that this employee was properly performing his duty, the same presumption applies to the company. Governed by principles of law well settled in this state, and in other jurisdictions, the judgment must be reversed and the cause remanded for a new trial.