## DOWELL v. STATE OF INDIANA.

[No. 22,289.   Filed May 13, 1913.   Rehearing denied January
13, 1914.]

1. CRIMINAL LAW.— *Appeal.*— *Questions Reviewable.*— *Ruling on Motion to Quash.*—Alleged error in overruling a motion to quash an indictment is not presented on appeal, where the motion was· oral and no cause is stated in the record.   p. 69.

2. APPEAL.—*Questions Reviewable.*—*Admission of Evidence.*—*Objections.*—An objection to the admission of evidence, on the ground that such evidence is not proper for any purpose, is too broad to present any question unless it is apparent that it was improper for any purpose.   p. 69.

3. CRIMINAL LAW.—*Evidence.*—*Admissibility.*—In a prosecution for the unlawful sale of liquor, where the State claimed that two· witnesses had arranged that one of them should obtain liquor for both, the admission of testimony of one of the witnesses showing that they had a conversation on the day of the alleged sale, but not showing what the conversation was, was not erroneous, and, even if erroneous, could not have been harmful.   p. 69.

4. INTOXICATING LIQUORS.—*Prosecution for Unlawful Sales.*—*Evidence.*—In a prosecution for selling liquor without a license, the question of whether a witness, testifying to the purchase of liquor, was in the habit of becoming intoxicated or of using intoxicating liquors as a beverage, was immaterial.   p. 70.

5. INTOXICATING LIQUORS.—*Prosecution for Unlawful Sales.*—*Evidence.*—*Exhibits.*—In a prosecution for selling liquor without a license, the admission in evidence of bottles and their contents, claimed to contain whiskey, over the objection that it was not shown that such bottles or their contents were procured from defendant, was erroneous, where such bottles were not recognized by persons who claimed to have procured them, and the witness who produced them at the trial did not see them delivered by defendant to the persons claiming to have received bottles from him.   p. 70.

From Delaware Circuit Court; *Frank Ellis*, Judge.

Prosecution by the State of Indiana against John A. Dowell.   From a judgment of conviction, the defendant appeals.   *Reversed.*

*George W. Cromer* and *Leffler, Ball & Needham,* for appellant.

*Thomas M. Honan,* Attorney-General, and *Thomas H. Branaman,* for the State.

MYERS, C. J.—Prosecution of appellant by indictment, for the alleged violation of §8351 Burns 1908, Acts 1907 p. 689. Plea of not guilty, trial by jury and verdict of guilty. The errors assigned are, in overruling the motion to quash the indictment, overruling the motion for a new trial, and overruling the motion in arrest of judgment. The motion to quash was oral, and no cause is stated in the record. The question is not presented. *Leach v. State* (1912), 177 Ind. 234, 97 N. E. 792.

On the motion for a new trial, a cause was assigned of the improper admission of evidence of a witness, as to whether he had had a conversation with another witness on the day of the alleged obtaining of intoxicating liquors from appellant. It was the claim of the State that the two witnesses had arranged that one of them should obtain liquor for both, and this evidence was offered to show the fact that they had a conversation, but the conversation was not asked for. The objection was that it was not proper for any purpose, and was not had in the presence of appellant. The objection was too broad, unless it was apparent that it was improper for any purpose. *Pittsburgh, etc., R. Co. v. Lightheiser* (1907), 168 Ind. 438, 460, 78 N. E. 1033; *Malott v. Central Trust Co.* (1907), 168 Ind. 428, 437, 79 N. E. 369, 11 Ann. Cas. 879; *Musser v. State* (1901), 157 Ind. 423, 430, 61 N. E. 1; *Ohio, etc., R. Co. v. Walker* (1887), 113 Ind. 196, 200, 15 N. E. 234, 3 Am. St. 638. It calls for a fact within the knowledge of the witness. Had the conversation been offered, it would have been hearsay. No suggestion is made as to how such question could have been harmful to appellant, even if erroneous. *Sanderson v. State* (1907), 169 Ind. 301, 315, 82 N. E. 525. We perceive no objection to the question or answer.

Complaint is made of the refusal to permit a witness to

answer a question put by appellant on cross-examination, as to whether he was in the habit of becoming intoxicated, or in the habit of using intoxicating liquors as a beverage, at either of the times he claimed to have bought liquor from appellant. The question was answered "No" by the witness without objection, and the State then objected, and moved to strike out the answer, which was done, and appellant excepted, but he has only put the matter in negative form, that is negatively, that the answer was excluded. Appellant was not indicted for selling to one in the habit of becoming intoxicated, or of using intoxicating liquors as a beverage. The action of the court is based, as the record shows, on the grounds that it was not in cross-examination, and was not a defense. There had been no direct examination as to either of the inquiries. Whether the witness was in the habit of becoming intoxicated, or of using intoxicating liquors as a beverage, was immaterial in this case. If a physician, legally and in good faith, prescribes liquors as medicine, or in medicine, it cannot be material whether the purchaser or user is an abstainer, or an habitual user as a beverage or intoxicant. Black, Intox. Liquors §215; *State* v. *Cloughly* (1887), 73 Iowa 626, 35 N. W. 652.

It is urged that the court erred in admitting in evidence for inspection by the jury, certain bottles and their contents, claimed to contain whiskey, over the objection of appellant, that it was not shown that the bottles or their contents were procured from him by the witness who produced them, or by any other person, and proof that the labels were put thereon by the witness offering them, and is self-serving. There is no evidence showing the bottles so admitted, to have been obtained from appellant. Witnesses testified to procuring bottles from appellant, and delivering them to the witness who produced them, but they do not recognize the bottles, and the witness

who produced them testified to procuring the witnesses to make purchases from appellant with a view to his conviction, because of enmity towards him. The witness does not claim to have seen them delivered to, or received from appellant, so that he could know whether they were received from appellant, only by what others may have told him, and while an inference may be drawn from the facts, the evidence is clearly hearsay, and its admission a dangerous practice to approve. In other words, the probative force of this evidence depends wholly, or in part, upon the competency or credibility or both, of the statements of other persons as to what they did out of the presence of the witness, or as to what they told him, and not upon what the witness saw, or heard himself, but upon his inferences, thus predicating one inference on another. *United States Cement Co.* v. *Whitted* (1910), 46 Ind. App. 105, 90 N. E. 481, and cases cited; *United States* v. *Ross* (1875), 92 U. S. 281; 23 L. Ed. 707; *Duncan* v. *Chicago, etc., R. Co.* (1910), 82 Kan. 230, 108 Pac. 101; 2 Chamberlayne, Mod. Law of Ev. §1029 and note. The evidence was of such character as to be very hurtful to appellant, when considered by men not accustomed to draw the legal distinction between an inference of fact, and an inference based on an inference. The only knowledge which the witness had was secondary, an inference, and by the admission of this evidence the jury was authorized to infer that the bottles were the receptacles furnished by appellant. The reasoning employed is necessarily secondary, and not primary evidence, which must appear to warrant inferences of fact. *Lazarus* v. *Metropolitan, etc., R. Co.* (1893), 69 Hun 190, 23 N. Y. Supp. 515; *Shepard* v. *Pratt* (1876), 16 Kan. 209.

Other alleged errors are sought to be presented, but as they are not likely to again occur, we do not consider them. For the error in admitting the bottles to the inspection of the jury, the judgment must be reversed, and it is so ordered, with instructions to the court below to sustain appellant's

motion for a new trial, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 101 N. E. 815. See, also, under (1) 12 Cyc. 865; (2) 12 Cyc. 563; (3) 12 Cyc. 921; (5) 23 Cyc. 249, 251.